## George H. Pierce v. The City of Aurora.

1. MUNICIPAL CORPORATIONS—*Discrimination in Ordinances.*—A clause in an ordinance of a city regulating the sale of milk and cream, providing that it shall not apply " to persons who own not more than two cows and who sell milk therefrom to their neighbors, or customers, by peddling the same by hand," invalidates the whole ordinance, as it discriminates between persons of the same class who are similarly situated, and makes an act done by one person penal, which is not if done by another person, and intends to create a monopoly in favor of persons keeping two cows, shutting out competition on the part of those owning a greater number unless they obtain a license.

2. SAME—*Power to Pass Ordinances.*—A municipal corporation has no power to pass an ordinance which is unreasonable, oppressive, or which tends to create a monopoly, or so discriminates in favor of, or against, any particular class as to make an act done by one penal, while no penalty is imposed for the same act done by another under like circumstances.

**Prosecution,** for violating an ordinance. Trial in the Circuit Court of Kane County, on appeal from a police magistrate; the Hon. CHARLES A. BISHOP, Judge, presiding. Finding and decree for plaintiff; appeal by defendant. Heard in this court at the December term, 1898. Reversed. Opinion filed April 11, 1899.

HANCHETT & PLAIN, attorneys for appellant.

Dillon in his work on Municipal Corporations (4th Ed.), Sec. 322 (256), on page 400, says: " As it would be unreasonable and unjust to make, under the same circumstances, an act done by one person penal, and if done by another not so, ordinances which have this effect can not be sustained. Special and unwarranted discrimination, or unjust or oppressive interference in particular cases, is not to be allowed. The powers vested in municipal corporations, should, as far as practicable, be exercised by ordinances general in their nature and impartial in their operation."

" Ordinances must be impartial and of general application. Special and unwarranted discriminations in particular cases are not to be allowed." Am. & Eng. Ency. of Law, Vol. 17, p. 253.

An ordinance which makes an act done by one penal, and imposes no penalty for the same act done, under like cir-

cumstances, by another, can not be sanctioned or sustained, because it would be unjust and unreasonable. Tugman v. The City of Chicago, 78 Ill. 405.

W. J. TYERS, city attorney, ALDRICH, WINSLOW & WORCESTER, of counsel, attorneys for appellee, contended that the city council has no authority to pass an ordinance licensing milk peddlers. Rev. Statutes, Starr & Curtis, sub-section 41, Section 1, Art. 5, of Chapter 24, entitled Cities and Villages.

This act was adopted by the city of Aurora, March 7, 1887.

In the case of Chicago v. Bartee, 100 Ill. 57, the Supreme Court said : " It is insisted in favor of affirmance that the ordinance is void for want of power to adopt it.   *   *   * In the view we take of the case we deem it unnecessary to determine whether the ordinance may be sustained under the police powers conferred by the charter.   We are of the opinion that the power is conferred by the forty-first subdivision of section 62, and if appellee was a peddler, that the power was ample, and the ordinance must be sustained. The term ' peddler ' is defined by high authority, to be one who deals in small and petty things, and this coincides with the proper meaning of the word, and we must conclude, as required by the canons of interpretation, that such is the sense in which it is employed in the charter.   The term ' peddler ' is used in the charter in an unrestricted sense, and fully embraces persons engaged in going through the city from house to house and selling."

The question has not again been directly decided by our courts, but the above case has been quoted with approval in Emmons v. City of Lewistown, 132 Ill. 333; Hanna v. The City of Kankakee, 34 Ill. App. 189; and Twining v. City of Elgin, 38 Ill. App. 360.   See also Kinsley v. City of Chicago, 124 Ill. 359.

The ordinance in question does not discriminate between persons of the same class.

The rule of uniformity prescribed by the constitution

authorizing the General Assembly to tax liquor dealers, etc., by general law uniform as to the class upon which it operates, permits it to classify the different kinds of liquor dealers included in the general description, and impose differential taxes upon such classes so long as the tax imposed is the same upon all the members of the particular class. Timm v. Harrison, 109 Ill. 593.

A law fixing a fee for a license of a liquor dealer at $50 per quarter, and for one who sells at a wayside inn or station, $10 per quarter, and exempting physicians and apothecaries, was held to be constitutional and uniform, there being uniformity as to each class. Territory v. Connell (Ariz.), 16 Pac. Rep. 209. See also the case of Sacramento City and County v. Crocker, 16 Cal. 119, in which a license tax imposed by a municipality upon merchants, the amount of the tax being graduated according to the amount of their monthly sales, was held valid and constitutional, it being uniform to all persons in the same category.

This identical question was decided in the case of New Orleans v. Dubarry, 33 La. Ann. 481, 30 Am. Rep. 273. In this case it was decided that a license tax was valid which required a license from keepers of private markets, and exempted from license persons selling meats in public markets. See also Home Insurance Co. v. Swigert, 104 Ill. 654; Howland v. City of Chicago, 108 Ill. 496; Singer Manufacturing Co. v. Wright, 33 Fed. Rep. 121; People v. Henderson, 12 Col. 369; Smith v. Louisville (Ky.), 6 S. W. Rep. 911; State v. French, 30 L. R. A. 415.

In the case of Kneeland v. Pittsburg (Pa.), 10 Cent. Rep. 421, it was held that a requirement of a license fee from peddlers, classifying them as foot peddlers, peddlers of one-horse cart or wagon, and peddlers of two-horse carts or wagons, charging a different rate for each, is a valid requirement and a valid exercise of a power to regulate, and not in conflict with the constitutional requirement of uniformity of taxation upon all of a class.

MR. JUSTICE CRABTREE delivered the opinion of the court. This was a prosecution by complaint and warrant, com-

menced before a police magistrate of the city of Aurora, charging appellant with violating an ordinance of said city, entitled, "An Ordinance Regulating the Sale of Milk and Cream in the City of Aurora."

Appellant was found guilty in the justice court, and appealed to the Circuit Court of Kane County, where a jury was waived and the cause tried by the court. Appellant was again found guilty and fined $25. A motion for new trial was overruled and judgment entered against appellant, to reverse which he prosecutes this appeal.

The ordinance under which the prosecution was had, being lengthy, we do not deem it necessary to set it out in full, as the whole controversy turns upon the question as to whether the proviso therein contained invalidates the ordinance. After providing that no person shall sell milk or cream in the city of Aurora, without having first obtained a license so to do in accordance with the terms therein prescribed, the ordinance contains the following proviso: "Provided, however, that this section shall not apply to persons who own not more than two cows and who sell milk therefrom to their neighbors, or customers, by peddling the same by hand."

On the part of appellant it is contended that this provision invalidates the whole ordinance, because it discriminates between persons of the same class who are similarly situated, and makes an act done by one person penal, which, if done by another person, is not so.

If the proviso attempts thus to discriminate, or if such is its intent, purpose and effect, then, clearly, it must be held invalid, because the law is well settled that a municipal corporation has no power to pass an ordinance which is unreasonable, oppressive, or which tends to create a monopoly, or which so discriminates in favor of, or against, any particular class as to make an act done by one penal, while no penalty is imposed for the same act done by another under like circumstances. Dillon on Mun. Cor. (4th Ed.), Sec. 322; 17 Am. & Eng. Ency. of Law, 253; Tugman v. City of Chicago, 78 Ill. 405; City of Cairo v. Feuchter, 159 Ill. 155; Zanone v. Mound City, 103 Ill. 552.

This being the law, the only question for our considera-
tion is, does the proviso attempt to make an unjust discrim-
ination in favor of a particular class of persons.    We think
this question must be answered in the affirmative.    No
reason is perceived why a person having three cows should
not have the same right to dispose of the milk therefrom as
would another who only had two cows.    What particular
merit there is in peddling the milk by hand to one's neigh-
bor when done for a profit, which should create an exemp-
tion from the terms of the ordinance, we fail to appreciate.
We think the effect of the ordinance and the proviso thereto,
would be to create a monopoly in favor of persons living in
Aurora and keeping two cows, shutting out competition on
the part of those owning a greater number unless they
obtained a license, thus probably enhancing the price, to the
detriment of consumers and the benefit of the favored class.

The case is not like Littlefield v. State, 42 Neb. 223,
reported also in 28 L. R. A. 588, cited by counsel for appellee.

There the ordinance imposed a license fee of $10 on each
wagon from which milk was peddled, and those owning
only one cow and delivering milk by hand were required to
pay a license fee of two dollars, and one owning two cows
must pay a license fee of five dollars.    The ordinance was
made to operate equally on each class of persons coming
within its provisions, and no question of discrimination
appears to have been raised in the case.    The controversy
arose upon the authority to pass the ordinance and the
reasonableness of the license fee.    In the ordinance before
us, persons owning two cows and delivering the milk there-
from by hand, were entirely exempted from any license fee
whatever.    Because of this unwarranted discrimination we
hold the ordinance unreasonable and void.

The conviction being wrongful can not be sustained, and
the judgment must be reversed.    Judgment reversed.