THE CITY OF GLOVERSVILLE, Respondent, *v.* ELIHU F. ENOS, Appellant.

(County Court, Fulton County, August, 1901.)

Public health — Milk regulation — Honorably discharged soldier not exempt — When a license fee is not a tax — L. 1893, ch. 661, § 21; 1896, ch. 371.

> A regulation of a city board of health, requiring a vendor of milk in the city to register his name each year with its clerk before receiving from the board a permit or license to sell milk in the city for one year, is a reasonable regulation in the interests of public health and is authorized by the Public Health Law.
>
> A soldier, honorably discharged from the service of the United States and as such authorized by statute (L. 1896, ch. 371) to sell

within the State of New York goods, wares and merchandise by procuring a license therefor, the same to be issued to him without cost, must register yearly if he wishes to sell milk in the city, and where, his license or permit having expired, he refuses to register again and continues selling thereafter, he subjects himself to the penalty imposed by the regulation upon one who holds himself out as possessing a license or permit, when he has none.

The fact that the board of health usually requires from others, not exempt therefrom, a fee of one dollar for the registry and license does not make the regulation void as to the honorably discharged soldier, as upon the facts the fee cannot be deemed a tax nor to have been exacted for the purpose of raising revenue.

APPEAL from a judgment entered in the Recorder's Court of the city of Gloversville in favor of the plaintiff and against the defendant for the sum of ten dollars, for a penalty imposed by the board of health of that city for alleged violation of a regulation adopted by the board of health with reference to the sale of milk within the corporate limits of the plaintiff.

William Green, for appellant.

Frank Talbot, for respondent.

KECK, J. I have not failed to examine with care the exceedingly able and exhaustive briefs submitted by counsel of the respective parties to this action and the many authorities referred to therein upon the main question here involved as to the validity of the regulation hereinafter set forth, and to here state, analyze or criticise such cases, as well as many others examined, is not my purpose in this memorandum. A reference to the undisputed facts as disclosed by the return, with a brief statement of such principles of law as are found in the leading cases applicable and here controlling, as it seems to me, is all that will be undertaken.

It is undisputed that the defendant, who is an honorably discharged soldier of the late Civil War, obtained a license from the county clerk of Fulton county on the 19th day of August, 1897, under and by virtue of chapter 371 of the Laws of 1896, which gave him the legal right to " hawk, peddle and vend any goods,

wares and merchandise or solicit trade within this state." without paying a license fee therefor; that such right has never been questioned nor has any fee been exacted of him by the plaintiff for the privilege of selling milk within its corporate limits; that after the defendant obtained such license from the county clerk and upon presentation thereof to the board of health of the plaintiff on August 16, 1897, that body issued and delivered to him a permit to sell milk, of which the following is a copy:

### " CITY OF GLOVERSVILLE.

#### " BOARD OF HEALTH.

#### " PERMIT TO SELL AND DELIVER MILK.

" No. 11.

" E. F. Enos is hereby given a permit for one year from the date hereof, to sell and deliver pure and unadulterated milk within the City of Gloversville.

#### " CONDITIONS.

" *First:* This permit is given in accordance with the regulations of the Board of Health of the City of Gloversville and the Laws of the State of New York.

" *Second:* It is understood and agreed that the holder of this permit shall obey and faithfully observe the ordinance of the Board of Health of said city and the laws of the State of New York, relating to the sale and delivery of milk within said city.

" *Third:* The holder of this permit shall have conspicuously displayed upon the vehicle from which he vends milk or cream, the number of this permit.

" Dated, GLOVERSVILLE, N. Y., this 16 day of *August,* 1897.

" CHARLES NICHOLLS,

" *President of Board of Health.*

" R. H. GWILLAM,

" *Clerk.*"

That defendant has ever since sold pure and wholesome milk within said city; that prior to the issuing of said permit to the defendant by said board of health, that body had adopted and published in all respects as required by law, the following regulation, viz.:

" REGULATION 15. Milk License.— No milk which has been watered, adulterated, reduced or changed in any respect by the addition of water, or any other substance, thing or material, shall be brought into said city, or held, sold, kept or offered for sale at any place therein. All vendors of milk shall register their names with the Clerk of the board, who shall issue to them a certificate of authority to sell milk, under his hand and seal. Every person so authorized to sell shall place in a conspicuous place on both sides of his milk wagon or sleigh the number of the license. Milk tickets shall be used but once. The certificates issued as above shall continue in force one year from the date of issue. Every person who holds himself out as possessing such certificate without having taken out the same, or after the same has been revoked, or has expired, shall be liable to a penalty of ten dollars."

That the permit issued to the defendant by said board of health was so issued to him pursuant to the provisions of such regulation and without fee. The charge made by plaintiff in its complaint is mainly that the defendant violated the provisions of this regulation by refusing to again register his name with the clerk of such board of health, since the expiration of the year mentioned in the permit issued to him as aforesaid, and to receive, without cost or expense, a permit to sell milk within the corporate limits of the plaintiff as required by the provisions of such regulation. This regulation is assailed by the defendant as being illegal for various reasons, and especially so for the reason that a fee of one dollar, which is in the nature of a tax and a means of raising revenue to the plaintiff is usually exacted, also that it is unreasonable and oppressive, consequently absolutely void. If this contention on behalf of the defendant can be upheld, then there is no doubt but that under well-established rules of law this action cannot be maintained, and the defendant subjected to the payment of a fine of ten dollars imposed by the board of health, and for which judgment was rendered against him, notwithstanding the fact that no fee was demanded of him. If the regulation contains elements or provisions not authorized by, or contrary to law, the defendant can take advantage of it the same as if a fee had been exacted of him. It is provided by section 21 of chapter 661, Laws of 1893, known as the Public Health Law, that every local board of health " shall make and publish all such orders and regulations as they

deem necessary for the preservation of life and health, and the execution and enforcement of the public health law in the municipality." Here then is found ample power to the local board of health to enact such rules and regulations as may be deemed necessary and proper for the promotion and preservation of life and health, and the enforcement of the same within the community for which such board acts. Regulations thus made must, of course, have reference to the comfort, safety and welfare of society, and must be reasonable with respect to the matters with reference to which they are enacted. They must not be oppressive, or made a means of raising revenue to the municipality, for the promotion of the welfare of whose inhabitants they are thus authorized by statute to be enacted. Has the regulation here in question in any of its provisions invalidated any of these prohibitory legal principles, thereby requiring or justifying a holding that it is void? I think not, as it has reference to the inhabitants of a municipality and their health, comfort and safety, is reasonable, not oppressive and cannot, I think, be said to be a source of revenue to the plaintiff, and is upheld by the greater weight of authority found in the leading cases on the subject. No one, I think, will doubt the wisdom or propriety of the people of the State in their enactment through their law-making power, of the Public Health Law above referred to, by the provisions of which municipalities throughout the State are empowered, largely through their local boards of health, to exercise extreme vigilance over the sale of the commodity here in question, which is perhaps more generally used and of greater necessity as an essential ingredient of food, than most any other sold or distributed in the community. The requirements, therefore, in the regulation under consideration that " all vendors of milk shall register their names with the Clerk of the Board, etc.," from time to time, can hardly be said to be without useful purpose on the part of the municipality, as it enables it to exercise the proper care and vigilance in detecting and preventing the sales of adulterated or impure milk in its limits. Guided, therefore, by what seems to me to be the correct principles of law running through all the leading cases, I have reached the conclusion that the regulation is valid and enforceable the same as if it had been a local statute enacted by the Legislature of the State.

The remaining question for determination is whether or not a veteran who has procured a license from the county clerk under

the provisions of chapter 371, Laws of 1896, above-referred to, and who is thereby given the absolute right to hawk, peddle or sell anywhere within the State, is relieved or excused from compliance with the rules and regulations of a municipality wherein he makes such sale. There is nothing in this statute, however, that gives any right to a veteran licensed under it, other than to sell anywhere in the State without paying any license fee therefor, and to that extent it discriminates in his favor but no further. It contains no provisions relieving him from a compliance with any lawful regulations, police or otherwise, in force in any particular municipality in which he undertakes to make sales; hence, its scope cannot be enlarged by any interpretation that may be given to it so as to justify such a holding. Entertaining these views of the law applicable to the facts of this case briefly (as well as imperfectly) stated, I am unable to reach any other conclusion than that the judgment appealed from should be affirmed, with costs, and an order is directed to be entered accordingly.

Judgment affirmed, with costs.