(70 App. Div. 326.)

### CITY OF GLOVERSVILLE v. ENOS.

(Supreme Court, Appellate Division, Third Department. March 5, 1902.)

MUNICIPAL CORPORATIONS—ORDINANCE—MILK PEDDLERS—LICENSE—PENALTY.
     Under a municipal ordinance, requiring that each vender of milk take out a certificate and post the number thereof on his vehicle, and penalizing any person who held himself out as possessing such certificate without having taken out the same or after the same had expired or been revoked, no penalty could be inflicted on one whose certificate had expired, and who continued the sale of milk without holding himself out as having taken out a certificate, but denying that he could be compelled to secure a certificate.

Appeal from Fulton county court.

Proceedings by the city of Gloversville against Elihu F. Enos for a penalty for the alleged violation of a city ordinance. From a judgment in favor of plaintiff (72 N. Y. Supp. 398), defendant appeals. Reversed.

Argued before PARKER, P. J., and KELLOGG, SMITH, CHASE, and FURSMAN, JJ.

William Green, for appellant.

Frank Talbot, for respondent.

CHASE, J. The city of Gloversville is a municipal corporation. The board of health of said city, prior to the times hereinafter mentioned, adopted and published as required by law certain regulations, among which is the following:

"Regulation 15. Milk License. No milk which has been watered, adulterated, reduced or changed in any respect by the addition of water, or any other substance, thing or material, shall be brought into said city, or held, sold, kept or offered for sale at any place therein. All vendors of milk shall register their names with the clerk of the board who shall issue to them a certificate of authority to sell milk under his hand and seal. Every person so authorized to sell shall place in a conspicuous place on both sides of his milk wagon or sleigh the number of the license. Milk tickets shall be used but once. The certificates issued as above shall continue in force one year from the date of issue. Every person who holds himself out as possessing such certificate without having taken out the same, or after the same has been revoked or has expired, shall be liable to a penalty of ten dollars."

And such regulation has ever since remained in full force and effect.

The defendant is a resident of this state, and an honorably discharged soldier of the military service of the United States. On the 19th day of August, 1897, there was issued to the defendant a license by the clerk of the county of Fulton, as provided by chapter 371 of the Laws of 1896. Thereafter the defendant exhibited to said board

of health the license so issued to him by the county clerk of the county of Fulton, and said board gave to him a certificate of authority to sell milk as provided by said regulation, to continue in force for one year from August 16, 1897. The number of the certificate of authority so issued by the board of health was 11 and the defendant thereafter placed the number "11" in metal figures on the front end of the dashboard of his milk wagon. When the certificate of authority so issued to him by the board of health expired, the defendant had his wagon repainted a reddish color, and the said metal figures were painted over with the rest of his wagon. Prior to the commencement of this action, the president of said board of health told the defendant's son, who was then in charge of defendant's wagon, selling milk upon the streets of the city of Gloversville, that it would be necessary for the defendant to register his name with the clerk of said board of health, and procure a new permit or license therefrom, for all of which no fee would be charged. The defendant's son replied to the president of the board of health, "They didn't have to register or take out any license, and would not do so." The defendant at all times since the expiration of said license so issued to him by said board of health has claimed and maintained that it was not necessary for him to register again, or obtain any other license than that issued to him by the county clerk. This action was commenced in the recorder's court of the city of Gloversville, and the complaint alleges:

"That the defendant is indebted to the plaintiff in the sum of $10, being a penalty of that amount duly imposed by the board of health of plaintiff upon the defendant for willful violation of regulation 15 of said board; * * * said violation consisting in the refusal of defendant, after repeated requests by said board so to do, to register his name with the clerk of said board. * * *"

A penal statute will not be extended by implication or construction to cases within the mischief, if they are not at the same time within the terms, of the act, fairly and reasonably interpreted. Cheese Co. v. Murtaugh, 50 N. Y. 314; Commissioners v. Vanderbilt, 31 N. Y. 265; Health Department v. Knoll, 70 N. Y. 530. The only penalty provided by the regulation is against a person who holds himself out as possessing a certificate, without having taken out the same, or after the same has been revoked or has expired. If it was the intention of the board of health to provide a penalty for selling milk without a certificate of authority from them, it was a very simple matter to have said so in plain and unmistakable terms. The only way prescribed by the regulation for a person to hold himself out as having a certificate of authority from the board of health is by placing the number in a conspicuous place on both sides of the milk wagon or sleigh. This, concededly, was never done by the defendant, even when the certificate of the board of health was in full force. After the certificate expired, the defendant not only did not maintain the number in a conspicuous place on both sides of his milk wagon or sleigh, but covered up and concealed such outward evidence as he had theretofore maintained of having such certificate. From the time the certificate expired, the defendant has at all times claimed and

maintained that it was not necessary for him to register again or to obtain any other license, and refused to do so; thus consistently and expressly negativing any willful or other holding himself out as having the certificate of the board of health. We are of the opinion that the defendant is not liable, under the complaint, nor upon the conceded statement of facts herein, for the penalty imposed upon him.

Judgment should be reversed, with costs in this court and in the courts below. All concur.