(113 App. Div. 584)

### CITY OF BUFFALO v. LINSMAN.

(Supreme Court, Appellate Division, Fourth Department.   May 2, 1906.)

MUNICIPAL CORPORATIONS—POLICE REGULATIONS—PEDDLERS' LICENSES—ORDINANCES—VALIDITY.

    Though Buffalo City Charter, tit. 2, § 17, Laws 1891, p. 137, c. 105, expressly empowers the council to enact ordinances to license and regulate peddlers, and such other ordinances as shall be deemed expedient for the good government of the city, a provision in an ordinance licensing peddlers of garden produce, which prohibits the peddling of such produce on the streets between 5 o'clock in the morning and 1 o'clock in the afternoon, is invalid; it not being a proper regulation, nor on any way necessary for the good government of the city.

    [Ed. Note.—For cases in point, see vol. 36, Cent. Dig. Municipal Corporations, § 1356.]

    McLennan, P. J., dissenting.

Appeal from Special Term, Erie County.

John Linsman was convicted of violating an ordinance of the city of Buffalo, and from an order made by the Special Term of the Supreme Court, affirming the conviction, he appeals. Reversed, and defendant discharged.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, NASH, and KRUSE, JJ.

John T. Ryan, for appellant.
Louis E. Desbecker and William B. Frye, for respondent.

WILLIAMS, J. The order of the Special Term and the judgment of the Municipal Court should be reversed, with costs. The action was commenced by the arrest of the defendant upon a charge of violating section 1, c. 17, of the ordinances. The Municipal Court, after a trial, convicted defendant, and fined him $5 and costs. There was a judgment in Municipal Court, and on appeal an order of affirmance by the Special Term of the Supreme Court but no judgment entered on such order. This appeal is from the order, and not from any judgment.

The ordinance in question provides, in brief, so far as it affects the question here involved, that no person shall offer for sale upon the streets any merchandise without first obtaining a license from the mayor, and no person shall hawk, peddle, or vend any fruits or farm or garden produce on the streets between 5 o'clock in the morning and 1 o'clock in the afternoon. The defendant when arrested was peddling vegetables on the streets, from a wagon, about 11 o'clock in the forenoon. He had a license from the county clerk, but none from the mayor of the city. He was a war veteran, and his license was issued under chapter 371, p. 315, Laws 1896, as amended by chapter 659, p. 1469, Laws 1899, and chapter 556, p. 1350, Laws 1904. By the terms of that act, the defendant under his license had the right to hawk, peddle, vend, and sell his goods, wares, and merchandise in this state. This act was apparently passed to relieve war veterans from taking the license provided for by sections 60, etc., of the domestic commerce law of the state (chapter 376, p. 337, Laws 1896). This latter license, however, did not relieve a person from the effect of any municipal regulations as to li-

cense, but was in addition to any such regulations (section 64, p. 339) ; and the same would seem to be true under the veteran act (City of Gloversville v. Enos, 35 Misc. Rep. 724, 72 N. Y. Supp. 398, reversed on other grounds, 70 App. Div. 326, 75 N. Y. Supp. 245). There seems to be no controversy as to this proposition on the part of appellant here. No exemption from the provisions of the ordinance in question is claimed by reason of the license under the veteran act. Section 17, tit. 2, of the city charter (chapter 105, p. 137, Laws 1891), provides that the common council shall enact ordinances to license and regulate hawkers and peddlers, and such other ordinances as shall be deemed expedient for the good government of the city, not inconsistent with the laws of the state. Under these provisions of the charter, the ordinance in question was enacted. The ordinance was one licensing and regulating hawkers and peddlers, and was apparently deemed expedient for the good government of the city. Express power was therefore given to enact the ordinance, if it was not subject to objection as to its peculiar provision prohibiting hawking and peddling between the hours of the day named—5 a. m. and 1 p. m.

We are unable to see how it was necessary or proper to insert this provision in the ordinance. The design was quite apparent—to benefit grocers and shopkeepers dealing in such articles as the peddlers sold. It was inserted in the ordinance by the procurement and by reason of the importunity of the retail grocers association. It deprived the consumers of the opportunity to purchase their supplies of the peddlers, and compelled them to patronize the grocers and shopkeepers. The prohibited hours covered the time when the supplies for the day would ordinarily be purchased. It was in no sense a proper regulation, and was in no way necessary for the preservation of the public health or the good government of the city. It was an unfair discrimination and in restraint of trade. It in no way tended to protect the public health or public order. Hawking and peddling is recognized as a legitimate business by the Legislature, and is so recognized by the city in its ordinances. This provision does not relate to the character of the licensees, or to the peace and quiet of the city. The portion of the day excluded would be no more disturbed than the later part of the day. It is needless to dilate upon the subject. This provision has no proper place in the ordinances. It was put there for an improper and illegal purpose, not as a regulation for the good government of the city, or to protect the public health or the peace and quiet of the streets, but in the interest of the retail dealers and shopkeepers, improperly discriminating in their favor, and was class legislation and in restraint of trade. The ordinance was therefore invalid, and no conviction could properly be had for the violation thereof.

The judgment was erroneous, and should be reversed and the defendant discharged.

Order of Special Term and Judgment of Municipal Court reversed, with costs. All concur, except McLENNAN, P. J., who dissents.