In the Matter of the Application of MANUEL CARVALLO, Respondent, for a Peremptory Mandamus Order against ALONZO P. COOPER, Commissioner of Public Safety of the City of White Plains, Appellant.— Peremptory mandamus order unanimously affirmed, with ten dollars costs and disbursements. An ordinance which prohibits an alien from conducting a lodging house is void in so far as it applies to immigrant lodging houses, since the ordinance is inconsistent and in conflict with section 156 of the Labor Law,† which does not prohibit an alien from conducting an immigrant lodging house. (*People ex rel. Kieley* v. *Lent*, 166 App. Div. 550; affd., 215 N. Y. 626; *People* v. *Gilbert*, 68 Misc. 48; 43 C. J. pp. 215–218.) The prohibition against the conduct of a general lodging house by an alien is inconsistent with the State policy, as declared by section 156 of the Labor Law,† which does not prohibit an alien from conducting an immigrant lodging house. (2 Dillon Mun. Corp. [5th ed.] § 601; approved, *Mills* v. *Sweeney*, 219 N. Y. 213, at p. 219.) There is nothing about the conduct of a general lodging house which differentiates it from an immigrant lodging house in the manner of conduct thereof or as a source of greater evils, if any, to be appre-

---

*Amd. by Laws of 1909, chap. 144; Laws of 1911, chap. 220; Laws of 1926, chap. 622, and Laws of 1927, chap. 239.— [REP.

† Repealed and continued by Labor Law, § 230 *et seq.*— [REP.

hended therefrom. The ordinance* is void in so far as it excludes an alien from operating a lodging house. Present — Lazansky, P. J., Rich, Young, Hagarty and Scudder, JJ.

---

* See White Plains Hotel, Lodging and Rooming House License Ordinance of February 25, 1929, effective May 1, 1929.— [REP.