Van Voorhis, J.
This appeal involves the validity of an ordinance adopted by the City of Albany May 21, 1956, regarding itinerant vending in public streets and places. The corporate plaintiff is the distributor in Albany of ice cream products of Good Humor Corporation, which engages in this kind of business in some eight different States. This business consists in peddling ice cream products in city streets by means of specially designed, sanitary, refrigerated, automotive trucks of uniform type and equipment in charge of a single employee. Four of these trucks were in use in Albany when the events giving rise to this litigation occurred. Good Humor Corporation uses between two and three thousand similar trucks in various cities.
This action is brought by the corporate plaintiff and one of its drivers engaged in vending ice cream in the manner stated, for judgment declaring this city ordinance unconstitutional, and enjoining the enforcement of it against them.
The operative paragraph of this ordinance is as follows; “ § 2. When any person shall vend or peddle from a vehicle in the public streets and places in the City of Albany, and, in the pursuit of such business or activity, children shall collect, assemble or gather about such vehicle for the purpose of making purchases, such person so vending and peddling, and the pursuit of such occupation, shall be accompanied by an attendant whose sole duty and occupation shall be to protect and safeguard the children from injury and the hazards of street vehicle traffic and he shall maintain a constant look-out for approaching *693 vehicles and shall warn the children and guard them from injury.”
Violations are punishable by a fine of not to exceed $100, or by imprisonment for not to exceed 10 days or both. Although the ordinance does not say that violation constitutes a misdemeanor, section 42 of the Second Class Cities Law so provides.
This type of business, however conducted, has encountered protracted litigation in the courts of this and other States. The leading case in this State is Good Humor Corp. v. City of New York (290 N. Y. 312), in which an ordinance prohibiting itinerant peddling on the streets of New York City was held to be unconstitutional. Similar ordinances have met a similar fate in other States (Commonwealth v. Rivkin, 329 Mass. 586; New Jersey Good Humor Corp. v. Board of Comrs., Bradley Beach, 124 N. J. L. 162; Frecker v. City of Dayton, 153 Ohio St. 14, affg. 88 Ohio App. 52; Schul v. King, 35 Ohio Op. 238; Frecker v. City of Zanesville, 35 Ohio Op. 234). Itinerant vending has been upheld here as an established occupation, not to be legislated or regulated out of existence (Good Humor Corp. v. City of New York, supra; Village of Stamford v. Fisher, 140 N. Y. 187, 191; City of Buffalo v. Linsman, 113 App. Div. 584; Collender v. Reardan, 138 App. Div. 738, 743; People ex rel. East Side Harlem Storekeepers Assn. v. Hylan, 118 Misc. 341, 342, affd. 202 App. Div. 745; People v. Gilbert, 68 Misc. 48, 52).
Although reasonable regulation of itinerant peddling in the streets of municipalities is permitted, ‘1 When regulation becomes destruction, it ceases to be regulation.” (Eighth Ave. Coach Corp. v. City of New York, 286 N. Y. 84, 94). A peddler’s ordinance cannot be used by indirection to prevent the conduct of a lawful business (Saidel v. Village of Tupper Lake, 254 App. Div. 22). An ordinance will be invalidated purporting to regulate a lawful activity, where its purpose is “to prohibit by onerous and exasperating restrictions, under the guise of regulation ”. (People ex rel. Phillips v. Raynes, 136 App. Div. 417, 423, affd. 198 N. Y. 539).
The present ordinance is the most recent of a series of measures adopted in Albany against this type of business. An earlier ordinance was held unconstitutional, in 1950, which proscribed peddling on certain streets and parkways unless the peddler had resided for six months in Albany (Schrager v. City of Albany, 197 Misc. 903). In 1955 the health of children *694 rather than their protection from automobiles was considered to be menaced by this type of business. A provision was incorporated into the sanitary code of the Albany County Health District in that year requiring that trucks such as these be manned by two employees for sanitary reasons, lest the hands of the driver might contaminate prepackaged Good Humor products by being soiled from driving the truck. That ordinance provided that “ The operator, or driver, of any such vehicle shall not sell or dispense any such food. The person who actually sells, dispenses, or handles the food shall comply with Section 4 of Article IY of this code, and he shall not drive or operate the vehicle or perform other duties unless adequate facilities are present for the washing of hands before food is handled or dispensed.” A preliminary injunction against enforcement of that sanitary code regulation in conjunction with the city ordinance was granted by Special Term on June 21, 1955, in an action by the corporate plaintiff. An appeal therefroni was taken to the Appellate Division which has not been moved for argument by the City and is still pending. Except for that injunction, Good Humor vending trucks would be obliged to have a full complement of three men each, one to drive the truck, one to sell the ice cream containers after washing his hands, and the third to warn away whatever children congregated near the truck.
During the three years while the corporate plaintiff has been operating, 2,250,000 individual sales have been made in this type of business to customers in Albany. Two years prior to the adoption of this ordinance two minor accidents occurred to children. Then itinerant peddlers were under attack by the former ordinance requiring two men upon each truck, for sanitary reasons. After that ordinance had proved to be abortive, the present ordinance was adopted requiring two employees on each truck for a different reason. It seems clear that the cost of two men on each truck would be prohibitive.
It cannot be doubted that some forms of regulation of this industry would be related to the public safety, health, morals or welfare, such as prohibiting sales made to children in the streets outside of the curb. Under reasonable rules prescribing the conduct of this occupation, the discretion of the municipal legislative body would not be subject to review in the courts. Hiere, however, there is nothing to indicate that a second *695 employee upon a truck to maintain a general lookout for children would be more intimately related to the public safety, than the presence of a second employee to prevent the driver from handling prepackaged ice cream products would be related to the public health. Such an employee could have no authority to direct or supervise children who might be attracted by the truck, nor is he provided by the ordinance with rules or standards governing the manner in which he is to secure the safety of children. The mere presence of two persons upon one vehicle signifies nothing by itself. If children will stand in the street, two employees have no more power or authority to drive them upon the sidewalk than one. An ordinance could prohibit an itinerant vendor from selling to any person while standing in the street, to refrain from peddling in specified congested thoroughfares during rush hours, and the like. But the generality of this enactment concerning the function and duty of the extra attendant required to be upon a vehicle, without supplying him with particular rules to follow or authority to enforce them, leaves too attenuated a connection between this ordinance and any of the foundations of the police power to sustain its validity.
Although this purports to regulate rather than to prohibit this business, it bears the earmarks of having been adopted for the same reasons as the one which was presented in Good Humor Corp. v. City of New York (290 N. Y. 312, supra) and the other cases that have been cited. Itinerant vendors are not subject to local taxation but compete with merchants who are. The situation has been described in City of Buffalo v. Linsman (113 App. Div. 584, 586, supra) and by the Michigan court in Chaddock v. Day (75 Mich. 527, 531-532). As is observed in the case last cited, the police power is not designed to aid one group in a community against another, as the courts of this State have frequently had occasion to hold (Defiance Milk Prods. Co. v. Du Mond, 309 N. Y. 537, prohibiting sales of evaporated skimmed milk in containers holding less than 10 pounds; Hauser v. North British & Mercantile Ins. Co., 206 N. Y. 455, 461-462, requiring insurance brokers to make insurance brokerage their principal business unless they also are real estate agents or brokers; People ex rel. Duryea v. Wilbur, 198 N. Y. 1, requiring the licensing of dancing academies; People ex rel. Phillips v. Raynes, 136 App. Div. 417, affd. 198 N. Y. *696 539, supra, licensing the sale of goods manufactured by convicts; People v. Ringe, 197 N. Y. 143, limiting licensing of undertakers to licensed embalmers who shall have been employed by licensed undertakers for at least three years; Fisher Co. v. Woods, 187 N. Y. 90, forbidding offering of real estate for sale without written consent of the owner; People v. Gillson, 109 N. Y. 389, prohibiting gifts of premiums in connection with sales of food). It was pointed out in a number of these cases that the regulating or licensing requirement, which was in each instance held to be invalid, amounted to prohibiting the conduct of an occupation under the guise of regulation.
This ordinance is unconstitutional for an additional reason. Trial Term well stated: ‘ ‘ When, however, in the exercise of its police power a municipality undertakes to enact a regulatory ordinance in which conduct which is otherwise lawful is converted into that which is criminal, its terms must be clear, precise, definite and certain in specifying the conduct which is prohibited and in prescribing ‘ some comprehensible guide, rule or information as to what must be done and what must be avoided, to the end that the ordinary member of society may know how to comply with its requirements.’ (People v. Grogan, 260 N. Y. 138, 145; People v. O’Gorman, 274 N. Y. 284.) ‘ [A] statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application, violates the first essential of due process of law.’ (Connolly v. General Const. Co., 269 U. S. 385, 391; People v. Vetri, 309 N. Y. 401; Standard Chem. and Metals Corp. v. Waugh Chem. Corp. 231 N. Y. 51; People v. Taylor, 192 N. Y. 398; People v. Phyfe, 136 N. Y. 554; People v. Estreich, 272 App. Div. 698; Matter of Bell v. Board of Regents, 269 App. Div. 588; Commonwealth v. Carpenter, 325 Mass. 519; Glendale Coal Co. v. Douglas, 193 Ind. 73; People v. O’Gorman, supra; People v. Grogan, supra; 5 McQuillin on Municipal Corporations [3 ed.], § 15.24.) ” This ordinance does not define what peddlers are to be regulated, it makes the test of its application dependent upon those who may be construed to be peddlers of products attractive to and popular with children. A penal ordinance might not be void for ambiguity if it provided that motor vehicles plying the streets for the purpose of vending ice cream, soft drinks, or other confections must comply with reasonable *697 specific safety regulations, but one can only know after the event whether a vehicle is covered by this ordinance. The evidence shows that the corporate plaintiff’s trucks vend exclusively to adults during school hours in the commercial areas of the city. In doing so without an attendant, would the corporate plaintiff be guilty of violating the terms of this ordinance if no children were in the vicinity, or would guilt flow from the circumstance that the nature of the business is such that children would be likely to be attracted if there were any nearby? Would guilt ensue if children were to appear, however unexpectedly, at a time or in a locality at which the vendor was accustomed to sell only to adults? Can it be known whether a driver is guilty only after it has developed that children have congregated about the truck at a given time or place? If an itinerant vendor be guilty of this offense in selling exclusively to adults, in case of a product which would also be likely to attract children, then one must know what type of wares to be dispensed by itinerant vendors will answer the description in the ordinance. Will children gather around a truck to buy fruits, vegetables, bread or pastry, soft drinks, as well as ice cream? If they gather around trucks of vendors of fruits and vegetables, are the drivers guilty? Must all fruit and vegetable trucks be attended by two operators in any event? This is too indefinite a basis on which to found a criminal charge. Moreover, under the language of this ordinance, a person vending from a pushcart or a horse-drawn vehicle would need to be “ accompanied ” by an attendant if he is vending “ products attractive to and popular with children ”. It would legally be possible under this language, if the ordinance be valid, to convict a vendor from a pushcart of peanuts, popcorn, fruit, vegetables or roasted chestnuts if he did not have an extra attendant on his cart. In determining whether an ordinance is a valid exercise of the police power, it is necessary to consider what would legally be possible in its general enforcement.
For the reasons stated, the judgment appealed from should be reversed, and the judgment of the trial court reinstated, with costs in this court and in the Appellate Division.