GANDALF'S, INC., ET AL. *v.* CITY OF SOUTH EUCLID ET AL.

(No. 78-978841—Decided August 18, 1978.)

Court of Common Pleas of Cuyahoga County.

*Mr. Stephen C. Weingrad,* for plaintiff.
*Mr. Earl T. Longley,* for defendant.

McMANAMON, J.   This action seeking a declaratory judgment pursuant to R. C. 2721.03 was filed on December 30, 1977. Plaintiffs, Gandalf's, Inc., a tavern, and Cadillac Music Corporation, owner, distributor and operator of mechanical amusement and musical devices, seek to have the following South Euclid ordinance declared unconstitutional and void:

"1123.02 LICENSE REQUIRED.

"No person shall display or exhibit a mechanical amusement device or a mechanical musical device within the City without first having obtained a license as provided herein. A separate license shall be required for each mechanical amusement device or mechanical musical device displayed at any one time. A license for such devices shall be issued only to the permitted retail business establishment located within a General Commercial (C-2) District and such mechanical amusement or mechanical musical device shall be ancillary or accessory to the primary use of such retail establishment. A maximum of four licenses hereunder shall be issued for each separate business

or place at which such devices shall be displayed. Notwithstanding any other provision of this chapter, those retail businesses which display and exhibit in excess of four mechanical amusement or mechanical musical devices at the date of the passage of this section (June 23, 1975) shall be required to reduce such display and exhibit devices to no more than four in number not later than the third licensing period following the effective date hereof." (Ord. 44-74. Passed 6-23-75.)

The terms mechanical amusement device and mechanical musical device are defined by ordinance as follows:

"(b) 1123.01 DEFINITIONS.

"For the purpose of this chapter:

"(a) 'Mechanical amusement device' means a machine which, upon the insertion of a coin, token or slug, operates or may be operated for use as a game, contest of skill or amusement of any description, and which in no way tends to encourage gambling or violates the prohibition against gambling herein contained.

"(b) 'Mechanical musical device' means any music vending machine, contrivance or device which, upon the insertion of a coin, slug, token plate, disc or key into any slot, crevice or other opening, or by the payment of any price, operates or may be operated for the emission of songs, music or similar amusement." (Ord. 58-60. Passed 6-12-61.)

At the January, 1978, pretrial conference before the court, the defendant city of South Euclid agreed to withhold prosecution of the plaintiffs for alleged violation of the ordinance by reason of having on display more than four devices popularly called "pinball" machines in their place of business until this court rendered its decision in this cause. The parties further agreed to provide the court with stipulations of facts and briefs of law which would enable the court to render a decision. The parties reserved their right to request an oral hearing until May 1, 1978.

The briefs and stipulations were all provided to the court by April 27, 1978. None of the parties at any time requested a hearing before the court. It is stipulated by the parties that plaintiff, Gandalf's, has been cited for displaying in excess of four mechanical amusement and musical devices on its premises. Preliminary to the constitutional analysis, this court

finds that the ordinance in question affected plaintiff, Gandalf's, on January 1, 1978, the beginning of the third licensing period following June 23, 1975, the effective date of the ordinance.

In Ohio, the police powers of a municipality are derived from the people through the state Constitution which expressly provides that municipalities shall have the authority to adopt and enforce within their limits such local police, sanitary and other similar regulations as are not in conflict with general laws. Section 3, Article 18, Ohio Constitution. This court is not aware of any pre-emptive state legislation in this area.

There has always existed within the police power the right to enact economic legislation, and, if required, the power to regulate businesses. Economic legislation is constitutionally valid as long as it does not violate the right of citizens to equal protection of the law. Moreover, police power legislation is generally presumed valid; the burden of showing the unconstitutionality of an ordinance is upon the one challenging its validity.

Municipal ordinances which prohibit such mechanical amusement devices as "pinball" machines have been declared constitutional in the past. *Benjamin* v. *Columbus* (1957), 167 Ohio St. 103. In *Benjamin* v. *Columbus,* the court found that the purpose and design of the devices in question was for gambling in violation of valid municipal ordinances. However, there is no contention in the case at bar that the purpose of the South Euclid ordinance is to prevent gambling or that gambling is a problem with the devices to be regulated.

Even in cases involving prohibition of certain businesses under the exercise of the police power, the Supreme Court of Ohio has held that a legislative body may not discriminate among persons following the same occupation or business. *Frecker* v. *Dayton* (1950), 153 Ohio St. 14. *Frecker* involved a city ordinance which prohibited ice cream vendors from making sales in public parks and streets, but was silent as to all other street hawkers, peddlers or hucksters. The court found that such a prohibition was a discriminatory and unreasonable classification. In light of *Frecker,* it is interesting to note that the parties to this lawsuit have stipulated that the city of South Euclid places no numerical restrictions upon the display of non-coin operated amusement or music devices, such as bowl-

ing alleys, pool tables, dart games, music reproduction systems, nor upon coin operated devices not deemed "amusement devices" such as vending machines.

Other state courts have addressed the problem of "pinball" amusement device ordinances. In *Cossack* v. *Los Angeles* (1974), 11 Cal. 3d 726, 114 Cal. Rptr. 460, 523 P. 2d 260, the Supreme Court of California faced the issue of whether a city ordinance which prohibited mechanical amusement devices was constitutional. The court, relying on the earlier decision of *Looff* v. *Long Beach* (1957), 153 Cal. App. 2d 174, 314 P. 2d 518, held that such an ordinance violated equal protection. The court stated that the ordinance created an unreasaonble and arbitrary classification in that other amusement games which were non-mechanical were not regulated or prohibited. The court, at page 734, citing an earlier case, stated that:

" ' A classification "must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced shall be treated alike" ' " (Emphasis omitted.)

Here, we are dealing with an ordinance whose purpose is clear. The intent of the city council was not to prohibit the playing of pinball games or juke boxes in South Euclid, but rather to prevent businesses from becoming places in which large groups of young people might congregate. However, if this ordinance is deemed constitutional, Gandalf's would have to rid itself of all but four mechanical amusement and musical devices whereas other businesses in the city could attract young people and others with the display of non-coin operated amusement and musical devices, including bowling alleys, pool tables dart games, music reproduction systems, as well as coin-operated vending machines, all of which are not touched by this ordinance.

The court notes that no evidence has been provided that would indicate that rowdyism, assaults, fights, drunkeness, brawls and the like have been caused by the display of these mechanical devices. In fact, the chief of police states that in the Cedar Center area of the city where pinball machines were voluntarily removed, the city continues to have a "problem with young people loitering in the area."

The stipulations provided by the parties indicate to the court that problems involving young people are among the "primary crime problems of the City," but that there have been no law enforcement problems at plaintiff Gandalf's specifically related to "mechanical amusement/musical devices." Further, the stipulations indicate that the principal complaint received by police prior to enactment of the ordinance involved elementary school children loitering and "wasting their money" in the area. The court believes it is unlikely that elementary children will frequent any of the liquor permit premises in South Euclid where such mechanical devices are proposed to be regulated. The court does find, however, that this ordinance has created an arbitrary classification between mechanical amusement games, such as pinball machines and non-mechanical amusement games, such as bowling, darts or pool which are fundamentally the same. As the Court in *Cossack* v. *Los Angeles,* at page 735, stated:

" 'A classification which rests upon no reasonable basis and which bears no substantial relation to a legitimate purpose to be accomplished is purely arbitrary and patently discriminatory.' "

Wherefore, this court holds that South Euclid City Ordinance 1123.02 is unconstitutional and void.

*Judgment accordingly.*