Frederic T. Henry, J.
Plaintiffs instituted this action against the defendants to enjoin them from collecting payments under contracts which the plaintiffs claim are illegal, for an accounting as to payments heretofore made under the contracts and for a declaratory judgment.
Each of the plaintiffs purchased property from the defendant, Custom Manor, Inc. (which is the only defendant that need be considered in this decision, and which will be referred to as the defendant). At the time their respective deeds were delivered to them, they severally executed the contracts in question, each of which contained the following provision:
‘ ‘ Whereas, the premises above described are not within an existing Water District or extension, and Owner desires to have a source and supply of water before said property is included within a District; and
‘ ‘ Whereas, Custom Manor, Inc. has installed privately owned water lines to serve said property until the same is purchased by a Water District;
“ Now, Therefore, in consideration of the use of the water lines installed and owned by Custom Manor, Inc., Owner agrees to pay Custom Manor, Inc. the sum of $15.00 on the first day of each January, April, July and October hereafter until the private water line installed by Custom Manor, Inc. is purchased by and transferred to a Water District; and further agrees that *978 if said payments are not made when due Custom Manor, Inc., may, in addition to any other remedies it may elect to pursue, shut off the supply of water to the premises after ten (10) days’ written notice sent by registered mail to the Owner at the address of the property described above.
“ This agreement shall be binding upon the parties hereto, their legal representatives, distributees, successors and assigns respectively. ’ ’
The contracts are alleged to be illegal for the reason that the defendant, under its terms, was engaged in the business of transportation or distribution of water for a charge or rental fee without having complied with the provisions of the Transportation Corporations Law and the Public Service Law.
It appears that at the time the water pipe line was installed by the defendant, a water district in the town of Henrietta could not be established to construct such a water main because the borrowing power of the town under the law was not sufficient to obtain the moneys needed for that purpose. The defendant installed the water main with a view to supplying water to the houses it sold in its subdivision until such time as a water district could be organized in the town to do so.
Before the pipe line was laid discussions between officers and attorneys for the defendant and members of the Town Board of the Town of Henrietta, the water engineer of the town and attorneys for the town’s water districts resulted in formulation of a plan to supply water to the houses in the tract until such time as a water district could be formed. This plan had the approval of individual members of the Town Board, its water engineer and attorneys, although not approved by official action. It was executed by the defendant, and contained the following provisions:
“ Custom Manor, Inc. hereby proposes to the Town Board of the Town of Henrietta, as Commissioners of Henrietta Water Districts, that the undersigned will install a ten (10) inch water line along Pinnacle Road ” * * * “ and will pay all expenses for the construction and installation thereof, including engineering and legal expenses.” * * *
“ The undersigned proposes to procure from each property owner procuring water through the facilities of said water line a contract requiring such property owner to pay to the undersigned a fee or rental only during such period of time that said line is privately owned; and the undersigned agrees to sell said line, together with all lateral or distribution lines then existing, and facilities to any Water District of the Town of Henrietta, *979 whether now existing or hereafter created or extended, at any time upon payment to the undersigned, its successors and assigns, of the cost for installation and construction of the said ten (10) inch main only, including engineering and legal expenses, less sums paid to the undersigned and applied as depreciation. So long as the ten (10) inch main on Pinnacle Eoad and the lateral and distribution lines are owned by the undersigned, the undersigned will maintain and repair the same, and the cost thereof shall be reimbursed to the undersigned from the annual rental charges before determining the amount applicable for depreciation.
1 ‘ At the time permission is granted by the undersigned to any property owner to use the benefits of said water line, the undersigned will procure the execution of a petition by property owner for the extension or creation of a water district to include the property benefited by such water line and will file said petition with the Town Board as soon as it has been signed by the requisite number of property owners, and, whenever the borrowing power of the Town of Henrietta is sufficient to pay for the purchase of said water line and other expenses in connection with the creation or extension of a water district to include the property benefited by such water line, will present said petition to the Town Board for consideration and action thereon.” £ # #
“ The undersigned agrees to keep accurate records showing all costs as above described of construction and installation oí said line and all payments received by the undersigned for interest and depreciation, and such records will be available for inspection by Town officials at any reasonable time. It is agreed that the amount charged for interest shall not exceed five per cent (5%) of the investment principal from time to time.
“ Whenever the undersigned is paid in full for the cost as above defined for said water line, whether by annual depreciation charges to property owner or by purchase, said water line shall belong to the Town.”
After the water line was installed by the defendant a town water district supplied water through it, to the plaintiffs and other home owners in the subdivision and collected its charge for the water used.
The Public Service Law provides that every water works corporation (defined as owner or operator of a water plant or water works) shall be subject to supervision of the Public Service Commission, and shall furnish adequate, just and reasonable ggrviee, and that every unjust charge made for water or equip *980 ment furnished in excess of that allowed by law or by the order of the commission is prohibited. (Public Service Law, § 2, subd. 27; § 89-b, subd. 1; § 89-c.)
The Transportation Corporations Law provides that a water works corporation is a corporation organized to supply water by mains or pipes to any city, town or village and the inhabitants thereof and that it shall supply water at reasonable rates under contract with municipal corporations. (Transportation Corporations Law, §§ 40, 42.)
The plaintiffs claim that the defendant’s pipe line and the contracts entered into by the defendant with the respective plaintiffs are subject to public regulation and that such contracts are void because they conflict with provisions of the Public Service Law and the Transportation Corporations Law.
' ‘ When * * * one devotes his property to a use in which the public has an interest, he, in effect, grants to the public an interest in that use, and must submit to be controlled by the public for the common good, to the extent of the interest he has thus created ” (Munn v. Illinois, 94 U. S. 113, 126).
The State Legislature is without constitutional power, however, to regulate services rendered or property used unless the business or property involved is affected with a public interest and it remains essential to constitutional regulation and control of private property that the subject property be affected with a public interest and that a legislative exercise of the police power in such regard be in the public interest. (U. S. Const., 14th Arndt., § 1; N. Y. Const., art. I, § 6; Williams v. Standard Oil Co., 278 U. S. 235.)
“ Even a constitutional declaration cannot transform a private enterprise or a part thereof into a public utility * * * statutory definitions * * *. must be construed as applying only to such properties as have in fact been devoted to a public use, and not as an. effort to impress with a public use properties which have not been devoted thereto. For if the latter be the true construction of our constitution and statutes, then manifestly in their operation they are void wherever they unjustly interfere with private property or private contractual rights by force of * * * the fourteenth amendment of the constitution of the United States.” (Allen v. Railroad Comm., 179 Cal. 68, cert, denied 249 U. S. 601.)
“ [Constitutional and statutory provisions declaring that every private corporation furnishing water to or for the public or which sells, rents, or delivers water to any person whatever, under contract or otherwise, is a public utility must be construed *981 to apply only to corporations which have in fact devoted their property to public use.” (11 Am. Jur., Constitutional Law, § 294, p. 1061; Matter of Diocese of Rochester v. Planning Bd., 1 N Y 2d 508, 521.)
The provisions of the Public Service Law and Transportation Corporations LaAv do not apply to the defendant, which merely installed a pipe line through which water might be temporarily supplied, without profit to the defendant, by the town water district to those to whom the defendant had sold houses and not to the public generally, until a new town water district could be organized and financed.
The defendant is not engaged in the business of operating a Avater Avorks or water plant to supply water to the public. Its Avater line continues to be its private property subject only to the rights therein which it granted to the plaintiffs and other lot owners. Its business is not affected with a public interest. Therefore, it is not subject to public regulation. (Allen v. Railroad Comm., supra; Richardson v. Railroad Comm., 191 Cal. 716; Highland Dairy Farms Co. v. Helvetia Milk Condensing Co., 308 Ill. 294; see ns. 93 A. L. R. 248, 18 A. L. R. 764.)
In Overlook Development Co. v. Public Service Comm. (101 Pa. Superior Ct. 217, affd. 306 Pa. 43), the court in holding that the owner of a water main who permitted those to whom it sold lots and four neighboring owners to be served with Avater through it by a water company was not subject to public regulation, said: “ Nor are we persuaded that the action of appellant in permitting those to Avhom it sold lots, and four neighboring OAvners, to connect with its main and to be served with water through it by the water company, affected its right to refuse to permit others to connect with it. The main continued to be appellant’s private property, subject only to the rights therein which it granted to others by contract, and did not become devoted to a public use. * * * Appellant is not engaged in the business of supplying water to the public. Its business is not ‘ affected with a public interest ’. Therefore, it is not subject to public regulation.”
In Clark v. Olson (177 Wash. 237) the court, in holding that a water system constructed by the owners of a farm for the purpose of supplying water to ten houses built by them, and also to nine other houses whose owners were permitted to take water at a nominal charge was not a public utility subject to regulation, said (p. 241): “ Appellant’s supplying of water to his vendees, to.his neighbors and a few others, under the facts of this case, did not constitute appellant’s water system a public utility; there was no dedication of his water system to a public *982 use so as to entitle the public generally to demand water service as a matter of legal right.”
The plaintiffs also claim that their contracts with the defendant are void, because the defendant failed to obtain a franchise from the Town of Henrietta, permitting it to lay its pipe line in the town highways. (Town Law, § 64, subd. 7.) The contracts are not thereby rendered void. They are valid and enforcible between the parties although the Town Board might, if it saw fit to do so, require the defendant to comply with the provisions of the Town Law or remove its pipe line. There being no waste or injury to the town, however, mere illegality of the installation of the pipe line would not require that it do so. (Western N. Y. Water Co. v. City of Buffalo, 242 N. Y. 202.)
The defendants are entitled to judgment dismissing the plaintiffs’ complaints, with costs.
Let judgment enter accordingly.