■ TOWN OF HARRISON, Appellant, v. COUNTY OF WESTCHESTER, Respondent.— In an action for a judgment declaring that the portion of the Westchester County Airport which is within the Town of Harrison is subject to taxation by the town, in which defendant counterclaimed for a judgment declaring such portion exempt from taxation, the plaintiff appeals: (1) from a judgment of the Supreme Court, Westchester County, entered September 6, 1960, which dismissed its complaint; and (2) from an order of said court entered August 29, 1960, which denied its motion for summary judgment to the extent of the relief demanded in the complaint and for a severance of the remaining issues; which directed the entry of the aforesaid judgment dismissing the complaint, and which severed the counterclaim, pursuant to rule 113 of the Rules of Civil Practice. Judgment reversed, without costs. Order modified by striking out its last two decretal paragraphs; and, as so modified, affirmed, without costs. The action was brought on the theory that the subject property was not held for a public use (Real Property Tax Law, § 406, subd. 1) because it had been leased to certain business corporations for the storage and maintenance of aircraft, owned or operated by such corporations to provide for transportation of their officers, employees and guests. Defendant interposed an answer containing two affirmative defenses and a third affirmative defense and counterclaim. Defendant demanded that the complaint be dismissed and that judgment be granted in its favor declaring its entire airport property within the Town of Harrison to be exempt from taxation by the town and directing the town to cancel certain taxes levied by it against such property. Summary judgment was granted in favor of the defendant dismissing the complaint, although no such relief had been requested by it and although it had asserted that a question of fact existed with respect to the issues presented by its second affirmative defense and that such factual question could be decided only after a trial. The

order appealed from also severed the issues raised by the defendant's counter-claim and plaintiff's reply thereto, from the issues presented by the complaint and the answer. In the situation presented by the pleadings and the affidavits submitted, it was error to dismiss the complaint. If no issue of fact had been presented, and the record contained a sufficient showing of undisputed facts to permit the issues to be determined as a matter of law, a summary judgment should have been directed declaring the rights of the respective parties (cf. *Marshall* v. *City of Norwich*, 1 A D 2d 498; *Wiggins* v. *Town of Somers*, 8 A D 2d 733). If there was an issue of fact to be determined, plaintiff's complaint, which was legally sufficient, should not have been dismissed, without a trial. In our opinion, the defendant's second affirmative defense and the affidavits submitted in support of it present issues of fact as to whether the leases to the corporate tenants of the subject property and their use of the property were, as asserted by defendant, incidental to the proper conduct and maintenance of a public airport for aviation purposes and for other purposes required or neces-sary to the efficient and successful operation of such an airport for the general use of the public and for the benefit of the county (see General Municipal Law, § 352, subd. 5). In our opinion, on the issues presented, the undisputed facts disclosed by the record submitted are not sufficient to permit a declaratory judgment as a matter of law in favor of either party. The issues should be decided only after a trial, at which all the facts with respect to the operation of the airport, and the use of the subject property in connection with such operation, may be fully explored. Nolan, P. J., Beldock, Ughetta, Christ and Pette, JJ., concur.