OPINION OF THE COURT
Joseph Jiudice, J.
This is a motion by the defendant for an order dismissing the complaint on the ground the same fáils to state a cause of action, or, in the alternative, for summary judgment. The plaintiffs cross-move for summary judgment in this action for a declaratory judgment and a permanent injunction.
In effect, the plaintiffs are seeking a declaratory judgment determining that their activities in entering into certain contracts known as "The Buyers Protection Plan” with purchasers of certain residential homes through member brokers of Electronic Realty Associates, Inc. (hereafter referred to as ERA), for the repair or replacement of certain items of home equipment for a limited period: (1) Do not constitute "doing an insurance business” within the meaning of subdivision 3 of section 41 of the Insurance Law; (2) Do not constitute a "vocation” of the plaintiffs but are rather "merely incidental to the other legitimate business activities” of ERA in providing services to its member brokers in facilitating the sale of homes; (3) Are conducted in or affect interstate commerce and the purported application by the defendant of the provisions of the Insurance Law to these activities is an unlawful interference with interstate commerce in contravention of clause 3 of section 8 of article I of the Constitution of the United States; or that (4) If the Insurance Law is construed so as to apply to the activities of the plaintiffs, the provisions of sections 40 and 41 of the Insurance Law are so vague and indefinite that they are unenforceable.
Firstly, this court determines that declaratory judgment is proper in the instant case and that summary judgment is proper in any action for a declaratory judgment if the record presents undisputed facts (Town of Harrison v County of Westchester, 13 AD2d 708).
It does not appear that the facts surrounding the instant controversy are in dispute. The primary issue before the court hinges upon the interpretation and applicability of certain sections of the Insurance Law to the facts in the instant case.
The plaintiff, ERA, is a Missouri corporation. The plaintiff, Matt Jordan Realty, Inc., a New York corporation, is *251 located in this county and is engaged in the real estate brokerage business and is a member broker pursuant to a written contract between the parties plaintiff.
ERA’S business is rendering services to real estate brokers in several States for members of its organization. Among other things, ERA provides member brokers with certain advertising, sales seminars, training programs and further provides prospective sellers and purchasers of residential real property with a nationwide listing of homes for sale by computerized home referral services. In addition, ERA, through its member brokers, offers a contract known as "The Buyers Protection Plan” which is the subject of this action. This contract is before the court and the specific terms thereof need not be fully set forth herein.
Suffice it to say that the plan, in effect, provides sellers and purchasers of residential property with an inspection and report on certain categories of home equipment in the residences being purchased to determine whether they are in working order. Among the items covered are the heating system, the plumbing fixtures and system, the electrical system, water heater and the like. The plan further provides that ERA agrees with a purchaser of residential property, upon inspection, to repair or replace the listed home equipment should the same suffer operational failure during the term of the agreement. Such plan has been offered by the plaintiff, Jordan, in this State as a member broker. The fee paid to ERA in connection with the issuance of this plan is paid either by the seller of the property or by the member broker. No fee is paid by a purchaser who is the beneficiary of the plan.
Sometime during the latter part of 1974, the Insurance Department of New York State apparently inquired of ERA as to the relative facts involved in the plan, as aforesaid, and ERA apparently supplied certain information to the Insurance Department. Thereafter, the Superintendent of Insurance, through his deputy, advised ERA that the issuance of the Buyers Protection Plan was in violation of section 40 of the Insurance Law and that it was doing an insurance business in this State without a license. Apparently, as a result of alleged threatened legal action by the State Insurance Department, ERA instructed its members, including the plaintiff Jordan, to cease offering the plan in New York State. The instant lawsuit was thereafter commenced.
*252 The applicable sections of the Insurance Law are as follows:
"§ 5. Penalties. 1. Every violation of any provision of this chapter shall, unless the same constitutes a felony, be a misdemeanor. Every penalty imposed by this subdivision shall be in addition to any penalty or forfeiture otherwise provided by law.”
"§ 40. Insurer’s license required; issuance, revocation of license. 1. No person, firm, association, corporation or joint-stock company shall do an insurance business in this state unless authorized so to do by a license issued and in force pursuant to the provisions of this chapter, or unless exempted by the provisions of this chapter from the requirement of having a license to do business.”
"§ 41. Meaning of 'insurance contract’ and 'doing an insurance business’.
"1. The term 'insurance contract’, as used in this chapter, shall, except as provided in subsection two, be deemed to include any agreement or other transaction whereby one party, herein called the insurer, is obligated to confer benefit of pecuniary value upon another party, herein called the insured or the beneficiary, dependent upon the happening of a fortuitous event in which the insured or beneficiary has, or is expected to have at the time of such happening, a material interest which will be adversely affected by the happening of such event. A fortuitous event is any occurrence or failure to occur which is, or is assumed by the parties to be, to a substantial extent beyond the control of either party.
"2. A contract of warranty, guaranty or suretyship is an insurance contract, within the meaning of this chapter, only if made by a warrantor, guarantor or surety who or which, as such, is doing an insurance business within the meaning of this chapter.
"3. Except as provided in subdivision four, any of the following acts in this state, effected by mail from outside this state or otherwise, by any person, firm, association, corporation or joint-stock company shall constitute doing an insurance business in this state and shall constitute doing business in the state within the meaning of section three hundred two of the civil practice law and rules: (a) the making, as insurer, or proposing to make as insurer, of any insurance contract, including but not limited to (i) issuance or delivery of a policy or contract of insurance to a resident of this state or to any firm, association, or corporation authorized to do business *253 herein; or (ii) solicitation of applications for any such policies or contracts; (b) the making, as warrantor, guarantor or surety, or the proposing to make as warrantor, guarantor or surety, of any contract of warranty, guaranty or suretyship as a vocation and not as merely incidental to any other legitimate business or activity of the warrantor, guarantor or surety; (c) the collection of any premium, membership fee, assessment or other consideration for any policy or contract of insurance; (d) the doing of any kind of business, including a reinsurance business, specifically recognized as constituting the doing of an insurance business within the meaning of this chapter; (e) the doing or proposing to do any business in substance equivalent to any of the foregoing in a manner designed to evade the provisions of this chapter.”
A clear reading of section 41 of the Insurance Law indicates that there are two categories of contracts and agreements which qualify as insurance contracts. Pursuant to subdivision 1 of section 41 of the Insurance Law, an agreement which subjects an insurer to liability upon the happening of a fortuitous event qualifies as an insurance contract. Pursuant to subdivision 2 of section 41 of the Insurance Law, a. contract of warranty, guarantee or suretyship qualifies as an insurance contract only if made by a warrantor, guarantor or surety doing an insurance business as defined in paragraph (b) of subdivision 3 of said section. It appears to this court, therefore, that a contract could qualify as an insurance contract under subdivision 2 of section 41 of the Insurance Law without the happening of a fortuitous event as long as the standard of "doing an insurance business” is met.
In the instant case, therefore, the first issue to be determined is whether the plaintiffs’ Buyer Protection Plan agreement qualifies as an insurance contract within the definition of subdivision 1 of section 41 of the Insurance Law. A resolution of this issue necessarily depends upon a determination as to whether the obligation of ERA is dependent on the happening of a fortuitous event. The contract in question indemnifies the home buyer against defects in equipment being purchased by them through their purchase of the home from an ERA member broker. The contract specifically excludes coverage for malfunctions or failure of covered home equipment if the malfunction is caused either by fire, wind or other types of peril generally covered by homeowner’s insurance policies, or if the malfunction or failure is caused by misuse or alterations *254 or negligence of the owner. The obligation of ERA derives pursuant to the terms of the contract only after each item to be covered has been inspected and determined to be in good working order.
The Court of Appeals has considered the "fortuitous event” clause in section 41 of the Insurance Law in Matter of Feinstein (Attorney-General of State of N. Y.) (36 NY2d 199).
An examination of the contract issued by ERA in the instant case indicates that the risk involved in the buyers protection plan is the failure of the covered equipment during normal use, due to some weakness or fault inherent in the equipment itself. ERA does notj according to the terms of the agreement, assume any risk or subject itself to liability as the result of a risk or unforeseen event such as fire, theft or other hazards. Additionally, ERA does to some extent, have control over the event which would subject it to liability due to its inspection of the property involved prior to the issuance of the plan in question. The events, therefore, which give rise to ERA’s liability are not fortuitous ones in that they are neither accidental, unexpected nor unforeseen. The Buyer Protection Plan issued by ERA does not, therefore^ qualify as an insurance contract within the definition of subdivision 1 of section 41 of the Insurance Law.
The plan is a contract of warranty and, pursuant to subdivision 2 of section 41 of the Insurance Law, can only be considered as an insurance contract if ERA is "doing an insurance business” as defined in subdivision 3 of section 41 of the Insurance Law. This issue necessarily depends upon a determination of whether ERA issues the Buyer Protection Plan "as a vocation and not as merely incidental to any other legitimate business or activity of the warrantor”. The record discloses that the commissions which ERA receives from the issuance of the Buyer Protection Plan do not exceed 20% of its gross income derived from the real estate business. This fact is not disputed by the defendant.
The Court of Appeals in Matter of Steinbeck v Gerosa (4 NY2d 302, 309) defined vocation by quoting the definition in Black’s Law Dictionary (4th ed) as follows: "A 'vocation’ is 'One’s regular calling or business.’ — 'The activity on which one spends major portion of his time and out of which he makes his living.’”
Vocation is synonymous with occupation, business, work, *255 line of business, profession, practice and pursuit (Roget’s International Thesaurus [3d ed], par 654.6).
In view of the foregoing, therefore, one’s vocation is the activity on which an individual or entity spends the major portion of time from which a living is made.
ERA is principally in the real estate business and it provides a full range of services to its member brokers not only in assisting them in finding listings and selling residential property nationally, but it also supplies other services connected with the real estate business. Concededly, the issuance of the Buyer Protection Plan is included in the range of services provided by ERA. It is not, however, the major activity of this plaintiff. While each of these plans goes directly to the quality of the property covered, and while they issue directly from the purchase and sale of real property, they are, in this court’s opinion, merely used as an inducement for the sale and purchase of real estate. The issuance of the Buyer Protection Plan is not the principal business of ERA, but is merely one of many services performed by it and is merely incidental to its total business activity and is not ERA’s vocation as commonly defined. Therefore, the ERA Buyer Protection Plan, as a contract of warranty, is not an insurance contract under subdivision 2 of section 41 of the Insurance Law since ERA is not doing an insurance business as defined in subdivision 3 of section 41 of the Insurance Law.
This court, by this decision, does not hold that all buyer protection plans are exempt from article 4 of the Insurance Law. Each case involving a buyer protection plan must be decided on the specific facts therein presented. This decision applies only to the facts and circumstances presented and to the specific contracts issued by the plaintiff, ERA.
In view of the foregoing limitation, this court determines that the plaintiffs’ third and fourth causes of action as contained in their complaint fail to set forth facts showing a violation by the defendant of interstate commerce.
Accordingly, the court grants the motion of the defendant only to the extent of dismissing the plaintiffs’ third and fourth causes of action.
The plaintiffs’ motion for summary judgment as to the request for declaratory relief is granted and this court determines the following:
1. That the Buyer Protection Plan issued by ERA and its *256 member brokers in New York State is not an insurance contract as defined in the Insurance Law.
2. That the offering, issuance and sale of the Buyer Protection Plan by ERA and its member brokers in the State of New York does not constitute an insurance business within the meaning of the Insurance Law since such business is merely incidental to ERA’s other business and is therefore not its vocation.
3. That the defendant, as acting Superintendent of Insurance, has no jurisdiction or authority to require ERA to qualify as an insurer or to procure a license to conduct an insurance business pursuant to section 40 of the Insurance Law.
In view of the foregoing findings, the court further determines that the plaintiffs are entitled to summary judgment insofar as their complaint seeks relief by way of a permanent injunction. Therefore, the defendant shall be enjoined from engaging in any action or from taking any steps which would prevent either ERA or its member brokers from engaging in the offering, sale and issuance of the specific Buyer Protection Plan agreement in the State of New York. The defendant shall further be enjoined from interfering with the rights of the plaintiff, ERA, and/or its member brokers from carrying on such described business.