Hon. Morton Greenspan Deputy Superintendent Insurance Department
This is in response to a request by the Office of General Counsel of the Insurance Department for an opinion as to whether or not the offering of an "Extended Service Plan" contract by Ford Motor Company, whereby Ford, after inspection, warrants used Ford-built vehicles sold through independent franchised Ford dealers against defects in certain Ford-produced component parts or workmanship for a certain stated period of time after purchase, constitutes the doing of an insurance business in New York.
The Ford Motor Company has been offering, through its authorized dealers in New York, to purchasers of used Ford-built vehicles from such dealers, an "Extended Service Plan" contract under which the Company agrees to have the selling dealer repair, free of charge except for the first $25.00 per visit, certain specified major components that are found, within 12 months or 12,000 miles (whichever occurs first) of normal use from the date of purchase, to be defective in factory-produced materials or workmanship.
An opinion of the Attorney General (1976 Op Atty Gen 56) has previously held that where a manufacturer, retailer or repairer of a product has sufficient control over the proper operation of a product by virtue of the fact that it has either constructed, selected or serviced the product offered for sale, it may issue a warranty without being deemed to be "doing an insurance business" within the meaning of section 41 of the Insurance law. In addition, recently in Electronic Realty Associatesv Lennon, 94 Misc.2d 249, affd as mod, 67 A.D.2d 997 (2d Dept, 1979), mot for lv to app den, 47 N.Y.2d 705 (1979), plaintiffs, engaged in a real estate brokerage business, who offered a "Buyers Protection Plan" to purchasers of previously occupied residential dwellings through member brokers whereby, after an inspection of the heating, plumbing and electrical equipment in the purchased dwelling, they agreed to repair or replace it at no cost to the purchaser should it become defective during a stated period, were held not be engaged in an insurance business within the meaning of section 41 of the Insurance Law.
In the agreement we are discussing, the Ford Motor Company, through an authorized franchised dealer, is conducting an inspection and examination of the component parts of used Ford-built vehicles prior to its offering an "Extended Service Plan" on such vehicles. The plan protects the buyers of these used vehicles only against manufacturer's defects in materials and workmanship and is not applicable to repairs necessitated as a result of misuse or alteration, owner negligence and other causes not able to be controlled by the manufacturer. This agreement protects purchasers of used Ford-built vehicles only against failure of certain specified Ford-manufactured parts during normal use, due to some weakness or fault inherent in the part itself or in the quality of Ford's workmanship. As a result of the foregoing, I am of the opinion that the "Extended Service Plan" being offered by Ford Motor Company to purchasers of used Ford-built automobiles constitutes a contract of warranty within the meaning of section 41(2) of the Insurance Law even though the product being warranted is used.
Since I have concluded that the "Extended Service Plan" being offered by Ford Motor Company to purchasers of used Ford-built vehicles is a contract of warranty, in order for the Ford Motor Company to be considered doing an insurance business in this State, it would have to meet the requirements found in section 41(3) (b) of the Insurance Law, which describes the doing of an insurance business in part as follows:
 "(b) the making, as warrantor, guarantor or surety, or the proposing to make as warrantor, guarantor or surety, of any contract of warranty, guaranty or suretyship as a vocation and not as merely incidental to any other legitimate business or activity of the warrantor, guarantor or surety;"
Ford Motor Company is known as a company whose primary business is that of producing motorized vehicles for the purpose of transportation. It is also commonly accepted that a manufacturer has a legitimate business purpose in standing behind the durability and performance of the products it makes. In the instant situation, the Ford Motor Company, after an inspection of a used Ford-built vehicle, is offering to the purchaser a contract of warranty which will indemnify him or her against certain specified losses sustained as a result of a manufacturing defect or imperfection in workmanship. I am of the opinion that the offering by the Ford Motor Company of an "Extended Service Plan" for used Ford-built vehicles is merely incidental to Ford's legitimate business of manufacturing and marketing its principal product and is not the regular calling or business of Ford. In addition, the facts presented do not sustain the position that Ford Motor Company spends a "major portion of its time" on offering warranties or "Extended Service Plan" contracts, the test adopted in Electronic Realty Associates, supra, to determine whether the warrantor is doing an insurance business in New York.
Therefore, I conclude that the issuance of an "Extended Service Plan" by the Ford Motor Company to purchasers of certain Ford-built vehicles from Ford franchised dealers, after an inspection, which indemnifies the purchaser against loss due to the failure of certain Ford-built component parts due to a defect in material or workmanship does not constitute the doing of an insurance business within the meaning of section 41 of the Insurance Law.