DAVID W. RUSSELL, Doing Business as ALEXANDER MEWS WHOLESALE FLORISTS, Respondent, v TOWN OF PITTSFORD, Appellant.

Fourth Department, July 11, 1983

**APPEARANCES OF COUNSEL**

*James A. Reed, Jr.,* for appellant.

*Affronti, Jesserer, Andolina & Lamb (Henry L. Jesserer* of counsel), for respondent.

**OPINION OF THE COURT**

MOULE, J.

The principal question presented on this appeal is the constitutionality of subdivision (a) of section 11-11 of the Town of Pittsford Code of Ordinances, enacted April 28, 1981, which provides, "It shall be unlawful for any person subject to this chapter to stand, or permit any vehicle used by him to stand, in any place for any period of time, except in direct response to a customer's request to purchase, and then only for such period of time as is necessary to effect the sale and purchase." For the past three years plaintiff and his employees have peddled flowers to passersby on the public ways of the Town of Pittsford.

Originally the ordinance provided: "It shall be unlawful for a licensed hawker, peddler or solicitor under this chap-

ter to stand or permit the vehicle used by him to stand in one place in any public place or street in the town for more than ten (10) minutes, or in front of any premises in the town for any time if the owner or any lessee of the premises objects." Plaintiff concedes that the town never attempted to enforce it. On July 8, 1980, section 11-11 was changed to provide that: "[A]ny sales or offers to sell any goods, wares, merchandise or other things, which are subject to this chapter, shall be made only from the public highway or on the private premises of the purchaser or prospective purchaser. 'Public highway' means any town or county road within this town, outside the limits of any incorporated village therein. Selling or soliciting on any part of a state highway within the town is prohibited by the New York Vehicle and Traffic Law, § 1157 (c), and by this chapter." The ordinance was declared unconstitutional by Pittsford Town Court (*People v Leonard,* Dec. 30, 1980 [GOLDMAN, J.]) because of its conflict with subdivision (a) of section 1157 of the Vehicle and Traffic Law which provides, in relevant part, "[n]o person shall stand in a roadway * * * to solicit from or sell to an occupant of any vehicle."*

The town subsequently prepared a new section 11-11, a copy of which was forwarded by the Pittsford Town Attorney to plaintiff's attorney on April 6, 1981 for comment. Despite plaintiff's protest that the proposed section would effectively put him out of business in the town, it was enacted on April 28, 1981.

Following the enactment of the present subdivision (a) of section 11-11, plaintiff applied for and was granted a license to peddle in the town and, thereafter, on March 5, 1982 commenced this declaratory judgment action to challenge the constitutionality of the ordinance. Defendant, in its answer, admitted that plaintiff had been doing business in the town prior to enactment of the ordinance and had been issued a license in the town for the year 1982, but denied plaintiff's claim that the ordinance was unconstitutional. After the answer was served, plaintiff moved for summary judgment. Special Term granted plaintiff's motion and declared the ordinance unconstitutional.

---

* Where a State law conflicts with a local law, the State law will prevail (*Rooney v City of Long Beach,* 42 AD2d 34).

Defendant contends that the pleadings and affidavits are insufficient to warrant the granting of summary judgment. The essential facts of this case pertaining to plaintiff's having previously conducted business in the Town of Pittsford, plaintiff's manner of business, and the existence of subdivision (a) of section 11-11, are not in dispute. These facts, standing alone, are sufficient to show that plaintiff has been adversely affected by the ordinance and give him standing to challenge its validity. Since plaintiff is not attacking the ordinance's constitutionality solely as it applies to him, it is unnecessary for him to set forth additional facts showing that the ordinance is arbitrary and unreasonable in its application to his particular business (cf. *McGowan v Cohalan*, 51 AD2d 972, affd 41 NY2d 434). Summary judgment is proper in a declaratory judgment action where the record presents undisputed facts (*Marinas of the Future v City of New York*, 87 AD2d 270; *Goodwill Adv. Co. v State Liq. Auth.*, 40 Misc 2d 886, 888, affd 19 AD2d 928; cf. *Town of Harrison v County of Westchester*, 13 AD2d 708). As a result of defendant's failure to present any evidence sufficient to raise a material issue of fact, Special Term properly proceeded to declare the rights of the parties upon plaintiff's motion for summary judgment (see, e.g., *Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395).

Defendant's primary contention is that Special Term erred in declaring subdivision (a) of section 11-11 unconstitutional. Plaintiff argues that the ordinance's requirement that a peddler must keep moving except in direct response to a request to purchase is unduly restrictive and vague. Peddling is recognized in New York as a lawful vocation (see, e.g., *Trio Distr. Corp. v City of Albany*, 2 NY2d 690; *Good Humor Corp. v City of New York*, 290 NY 312). A town may, however, regulate the business of peddling pursuant to subdivision 1 of section 136 of the Town Law. In determining whether an ordinance is a valid exercise of the regulatory powers granted by the State, substantive principles of due process require that the ordinance have a "reasonable relation to a proper governmental purpose so as not to constitute an arbitrary exercise of governmental power" (*First Broadcasting Corp. v City of Syracuse*, 78

AD2d 490, 495; see, also, *Marcus Assoc. v Town of Huntington,* 45 NY2d 501; *Lighthouse Shores v Town of Islip,* 41 NY2d 7). "Legitimate governmental goals are those which in some way promote the public health, safety, morals, or general welfare [citations omitted]" (*Marcus Assoc. v Town of Huntington, supra,* pp 506-507). We, of course, are mindful that a challenged municipal ordinance is entitled to an "exceedingly strong presumption of constitutionality" (*Lighthouse Shores v Town of Islip, supra,* p 11).

The town maintains that the purpose of the ordinance is to prevent the creation of market areas in public places and that such market areas create potential traffic hazards and are aesthetically undesirable. Both public safety and the preservation of an aesthetically attractive community (*People v Scott,* 26 NY2d 286) are legitimate governmental interests. Thus, the constitutionality of subdivision (a) of section 11-11 hinges on whether there is a reasonable nexus between the town's objective, alleviating traffic congestion around the peddler and preserving the town's aesthetics, and the means employed to implement that objective, requiring peddlers to continuously move except when making a sale.

Plaintiff maintains that the effect of the requirement that he keep moving at all times except when actually effecting a sale to a customer is so restrictive as to make the conduct of peddling virtually impossible. Irrespective of whether plaintiff's contentions are valid, it is apparent that the ordinance is so severely restrictive that it would unquestionably have a deleterious effect on plaintiff's business. The town does not advance any rationale to support the proposition that such a severe degree of restriction is reasonably related to improving traffic safety and aesthetics within the town. Although the town contends that the aim of the ordinance is to prohibit market areas in public places, nothing in the ordinance suggests that this is its purpose. Nor is there any showing that a peddler who is permitted to remain stationary for a period of time would create greater traffic problems or be more detrimental to the town's aesthetics than one moving continuously up and down a segment of the road. Absent some rational explanation by the town to rebut the claim that the ordinance is

unduly restrictive and to demonstrate the required nexus between this ordinance and the town's stated objective, the ordinance is arbitrary (see, e.g., *Patterson v Carey,* 41 NY2d 714, 720-721; *Montgomery v Daniels,* 38 NY2d 41, 54). Despite the strong presumption of constitutionality which attaches to a regulatory ordinance such as subdivision (a) of section 11-11, plaintiff has met the burden of showing that no reasonable relation exists between the challenged portion of the ordinance, the requirement that a peddler keep moving, and the public interest sought to be attained. Thus, Special Term properly declared subdivision (a) of section 11-11 unconstitutional.

We also find the ordinance's language to be impermissibly vague. "[A] statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application, violates the first essential of due process of law" (*Connally v General Constr. Co.,* 269 US 385, 391; *Trio Distr. Corp. v City of Albany,* 2 NY2d 690, 696, *supra*). The phrase, "request to purchase", describes a wide spectrum of conduct in the context of a retail business and is subject to various interpretations. It would certainly be difficult for a man of "common intelligence" to determine whether a potential customer's inquiry into the price, type or quality of goods being peddled was a "request to purchase" or merely incident thereto. Without further elaboration as to the extent of activity included within the phrase, "request to purchase", the ordinance does not provide peddlers with adequate notice of what conduct is prohibited and, hence, the ordinance must also be struck down as unconstitutionally vague (see *People v Scott, supra; cf. State of New York v Rutkowski,* 44 NY2d 989; *Wegman's Food Markets v State of New York,* 76 AD2d 95).

The judgment should be affirmed.

HANCOCK, JR., J. P., DOERR, DENMAN and GREEN, JJ., concur.

Judgment unanimously affirmed, with costs.