■ ROBERT STECKLER, Respondent, v HENRY S. NEWMAN et al., Appellants. — In an action to recover damages for conversion and breach of contract, defendants appeal from an order of the Supreme Court, Westchester County (Jiudice, J.), dated May 7, 1984, which denied their motion for summary judgment dismissing the first and second causes of action of the complaint.

Order affirmed, with costs.

This action arises out of a transfer by plaintiff to defendant Henry S. Newman of 100,000 shares of defendant corporation's stock. The purpose of the transfer was so that Newman could compensate certain underwriters so that they would proceed with the public offering of the corporation's stock. However, Newman never transferred the stock to the underwriters and refused plaintiff's demands that his stock be returned. Plaintiff thereupon commenced this action.

Although the complaint contains four causes of action, the third and fourth causes of action are not at issue on this appeal. Defendants moved for summary judgment on plaintiff's first two causes of action, which allege conversion and breach of contract, respectively. Special Term denied the motion on the grounds that none of the parties submitted affidavits setting forth any evidentiary material, that the affidavits submitted in support of and against the motion were by attorneys and should therefore be disregarded, and that the "Court determines from the record before it that there are issues of fact which preclude granting the defendants' demand for relief as a matter of law".

On this appeal defendants argue that there should be a reversal because plaintiff is barred from recovery under the doctrines of unclean hands and illegality. The thrust of defendants' argument is that in transferring the stock, plaintiff participated in a fraudulent, illegal and immoral scheme designed to monetarily benefit the plaintiff and that, therefore, he

may not recover. However, plaintiff maintains that Newman advised him that the transaction was legal, that he had no knowledge that there was anything illegal about the agreement and that, in any event, the question of whether he did anything fraudulent or illegal has to be determined on trial after all the facts are developed.

Defendants, on their part, have not submitted an affidavit setting forth evidentiary proof which would, as a matter of law, warrant the court in directing judgment in their favor upon the grounds that the doctrines of unclean hands or illegality barred recovery (see *Zuckerman v City of New York*, 49 NY2d 557, 562). Consequently, on the record before us, summary judgment is not appropriate (see *Andre v Pomeroy*, 35 NY2d 361; *Town of Harrison v County of Westchester*, 13 AD2d 708). Titone, J. P., Lazer, Mangano and Niehoff, JJ., concur.