202 N.J. Super. 1 (1985)
493 A.2d 1255
RICHARD BROWN AND ERNEST KING, PLAINTIFFS-RESPONDENTS,
v.
CITY OF NEWARK, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued December 19, 1984.
Decided January 25, 1985.
*5 Before Judges MATTHEWS, FURMAN and RICHARD S. COHEN.
Kathleen C. Goger, Assistant Corporation Counsel, argued the cause for appellant (John J. Teare, Corporation Counsel, attorney; Janice Montana, Assistant Corporation Counsel and Hugh B. Gallagher, Assistant Corporation Counsel, on the brief).
Louis S. Raveson argued the cause for respondents.
The opinion of the court was delivered by FURMAN, J.A.D.
The constitutionality of thirteen sections of the City of Newark ordinance regulating peddling and the entitlement of Rutgers Urban Legal Clinic to an attorney's fee award under 42 U.S.C.A. § 1988 are at issue on this appeal. Plaintiffs are licensed peddlers of the city. In a comprehensive opinion the trial judge struck down twelve sections and part of a thirteenth of the ordinance as unconstitutional, upheld the balance of the ordinance as constitutional and applied the severability clause of the ordinance because, in his view, the invalid sections are independent and the valid sections form a complete enactment by themselves. The City of Newark appeals; no cross-appeal is brought.
We affirm in part and reverse in part. The ordinance under attack is entitled to the presumption of validity favoring municipal enactments, N.J. Const., Art. IV, § VII, par. 11. Municipalities are granted specific authority to regulate peddling, N.J.S.A. 40:52-1(c). We conclude that sections (e)(2), (e)(3), (e)(4), (e)(5), (f), (h), (l), (m), (p), and (q), all struck down by the trial judge, are neither unduly burdensome, unduly vague nor without reasonable relationship to the legislative purposes of avoiding congestion on the public sidewalks and of preventing public nuisances.
*6 The subsections of (e) which were declared invalid prohibit substantial impediments to ingress to and egress from abutting property; nuisances; increases in traffic congestion and hazards; and dangers to life, health or property. The definition of "nuisance" should be drawn from N.J.S.A. 2C:33-12 a. The four subsections reasonably protect against threats to the public interest and are readily construable to advance that purpose; whether they overlap with or are redundant of other legislative proscriptions is immaterial, see State v. States, 44 N.J. 285, 291 (1965).
Sections (f) and (h) limit the dimensions of the peddler's cart to two feet in width, four feet in length and four feet in height and prohibit use of any rack or other device to increase the display capacity of the cart. Whether a peddler's cart substantially obstructs the orderly and free flow of pedestrian sidewalk travel is in relationship to its over-all size. Cart size limitations reasonably further the public interest in preventing pedestrian congestion. In the absence of any proofs supporting plaintiffs, we reject their argument that the maximum dimensions fixed, including extensions by racks or other devices, are arbitrary or impose an undue restriction on peddlers.
Sections (l), (m), (p) and (q) impose distance limitations for the stationing of a peddler's cart: not so as to reduce the unobstructed pedestrian right of way to less than six feet; not within ten feet of any curb cut designed to facilitate pedestrian or vehicular movement; not within 15 feet of a fire hydrant, crosswalk or driveway; not against display windows of fixed location businesses; not within 20 feet of the entranceway of any building, store, theatre, sports arena, school or other public place. The trial judge held the distance limitations to be constitutionally invalid on the ground that they are unduly burdensome and difficult or impossible to comply with. We disagree. The distance limitations reasonably serve the legislative objectives of avoiding congestion on the public sidewalks and of assuring an unimpeded view into commercial premises, *7 see State v. Boston Juvenile Shoes, 60 N.J. 249, 257 (1972). They are measurable or may be readily approximated by eye. In upholding sections (l), (m), (p) and (q), we construe them as applicable when a peddler's cart is stationary on the sidewalk and as inapplicable when a peddler's cart is being pushed or pulled along the sidewalk, for example, passing the entranceway to a store. We apply the rule of construction which favors a constitutional interpretation of a legislative enactment whenever reasonably susceptible to such interpretation, State v. Profaci, 56 N.J. 346, 350 (1970).
The three other sections of the ordinance which the trial judge struck down, that is, (d), part of (n) and (o), we also hold to infringe constitutional mandates.
Section (d) requires a peddler's cart to be continuously in motion except "when a sale is ... being transacted." The trial judge determined that this provision had been selectively enforced in violation of equal protection of the law under the State Constitution because food vendors and storekeepers with sidewalk displays had not been prosecuted. We disagree that section (d), which is neutral on its face, should be held invalid because of discrimination in its enforcement. The remedy for selective enforcement of a penal law is not invalidation of the penal law, see Yick Wo v. Hopkins, 118 U.S. 356, 6 S.Ct. 1064, 30 L.Ed. 220 (1886).
We base our affirmance of the holding that section (d) is constitutionally invalid on the ground that it is not reasonably related to and does not reasonably serve the stated purpose of the orderly and free flow of pedestrian sidewalk travel, see Hudson Circle Servicenter, Inc. v. Kearny, 70 N.J. 289, 301 (1976). A peddler's cart in motion, proceeding slowly because of its bulk and to attract customers, would tend to impede pedestrians more than would a stationary peddler's cart.
Appellant city cites Mister Softee v. Mayor and Council of Hoboken, 77 N.J. Super. 354, 375 (Law Div. 1962), as authority for a so-called "perpetual motion" requirement for peddlers. *8 Mister Softee sustains such an ordinance provision for vehicular peddlers or hawkers traveling on the public street, without discussion of its applicability to sidewalk vendors. A direct and persuasive authority adverse to appellant city is Russell v. Town of Pittsford, 94 A.D.2d 410, 464 N.Y.S.2d 906 (1983), which held that a prohibition against a peddler's standing in one place except to effect a sale was unconstitutionally restrictive and arbitrary, because of the lack of a reasonable nexus between the prohibition and the town's objective of alleviating traffic congestion.
Section (n) is constitutionally unchallengeable insofar as it requires a peddler to give written sales receipts to all customers showing the peddler's name, business address and details of the sale, but it is constitutionally infirm, as the trial judge ruled, insofar as it requires a peddler to retain on his cart copies of receipts from the prior week. We agree with the trial judge that this further requirement is unduly burdensome and without reasonable relationship to any valid legislative objection, such as prevention of consumer fraud; all pertinent information is available on the written sales receipt.
Section (o), provides that no peddler shall:
Engage in the business of peddling on any sidewalk or along any street which has been designated as a bus stop. For the purposes of this act, the word bus stop shall include the sidewalk and the adjoining street where that street has been designated as a bus stop by the City of Newark.
We agree with the trial judge that section (o) is overbroad in the light of the testimony of a Newark police sergeant that it proscribes peddling along an entire block from corner to corner whenever a bus stop is designated anywhere on the block. That interpretation is a reasonable one. As so interpreted, section (o) bans all peddling, for example, on the sidewalks of the main streets of downtown Newark which have bus stops on each block. The proscription exceeds what is reasonably necessary to avoid congestion and to protect the public at or in the immediate vicinity of a bus stop. It is constitutionally vulnerable on that ground.
*9 Finally, appellant city argues before us that no attorney's fee under 42 U.S.C.A. § 1988 should have been awarded to Rutgers Urban Legal Clinic for representation of plaintiffs because the holding of unconstitutionality rested on State, not Federal, constitutional grounds and because of the special circumstances that it had voluntarily suspended enforcement of the peddling ordinance. We reject both arguments.
The complaint charged denial of equal protection of the law under both the Federal and State constitutions and violations of rights guaranteed under the Federal Civil Rights Act, 42 U.S.C.A. § 1983. The trial judge rejected plaintiffs' claim of denial of the right of commercial free speech under the First and Fourteenth Amendments to the Federal Constitution, see Bigelow v. Virginia, 421 U.S. 809, 95 S.Ct. 2222, 44 L.Ed.2d 600 (1975), a ruling which is not cross-appealed. He determined the unconstitutionality of sections of the peddling ordinance primarily on the ground of deprivation of substantive and procedural due process of law under the State constitution. We partially affirm, striking down sections (d) and (o) and part of section (n) on the same State constitutional ground.
Nevertheless, an attorney's fee award under 42 U.S.C.A. § 1988 is not precluded. Singer v. State, 95 N.J. 487 (1984), makes clear that a Civil Rights Act attorney's fee may be sought in an action to enforce both Federal and State constitutional rights, even if the claims are "virtually identical," as here. If the holding of unconstitutionality is posited, as here, on State constitutional grounds, an attorney's fee may be awarded, assuming a common nexus of fact between the Federal and State constitutional claims, unless the Federal constitutional challenges were adjudicated adversely to the Civil Rights Act plaintiff in favor of constitutionality, Kimbrough v. Arkansas Activs. Ass'n, 574 F.2d 423, 426 (8 Cir.1978); Right to Choose v. Byrne, 91 N.J. 287, 316 (1982).
As for the "special circumstances" argument, the peddling ordinance under attack was never repealed and never *10 officially suspended. The record indicates continuing police surveillance and supervision of peddlers during the unofficial moratorium on prosecutions for violations. We reject as without merit appellant city's contention that an attorney's fee award was an abuse of discretion under the circumstances.
Likewise we find no impediment to the award of an attorney's fee under 42 U.S.C.A. § 1988 to Rutgers Urban Legal Clinic, an arm of the State, Jordan v. United States Dept. of Justice, 691 F.2d 514 (D.C. Cir.1982); see also discussion in Right to Choose v. Byrne, 173 N.J. Super. 66, 72-73 (Ch.Div. 1980), rev'd on other grounds 91 N.J. 287 (1982):
Rutgers Law School and its Woman's Rights Litigation Clinic are subdivisions of the State, not separate entities as are legal services corporations. Law school expenditures are pursuant to and limited by legislative appropriations in accordance with the State Constitution, Art. VIII, § II, par. 2. The law school in turn allocates funds to the clinic.
....
The broad legislative intent of § 1988 is to promote enforcement of civil rights. Upon an attorney's fee award to the Woman's Rights Litigation Clinic, the clinic would have an incentive to pursue further civil rights enforcement litigation.... The Civil Rights Attorneys' Fees Awards Act of 1976 is paramount over conflicting state constitutional limitations under the Supremacy Clause.
Appellant city urges that the attorney's fee award should be reduced by the amount of the allowance for legal services of unpaid law students at the rate of $15 per hour. We agree with Jordan, supra, which approved such fees according to the market value of non-duplicated services rendered by law students which contributed to the successful prosecution of the case, irrespective of the law students' not being paid and in fact themselves paying law school tuition.
The amount of the attorney's fee award, $25,326.51, must be set aside in view of our modification of the judgment below. Only a prevailing party is entitled to a Civil Rights Act attorney's fee award and that award should be limited and apportioned to the extent of his success, without allowance for time spent on a distinct claim determined adversely to him, Hensley v. Eckerhart, 461 U.S. 424, 436-441, 103 S.Ct. 1933, *11 1941-1943, 76 L.Ed.2d 40, 53-55 (1983); Singer v. State, supra at 500. We have sustained the holding of unconstitutionality of three sections only of the peddling ordinance and reversed the holding of unconstitutionality of ten other sections.
We affirm in part and reverse in part in accordance herewith the judgment declaring the unconstitutionality of thirteen sections of the City of Newark peddling ordinance. We set aside the judgment awarding an attorney's fee of $25,326.51 to the Rutgers Urban Legal Clinic and remand for the award of an attorney's fee pursuant to 42 U.S.C.A. § 1988, in the light of our partial reversal of the judgment below. We retain jurisdiction.