OPINION OF THE COURT
James P. Griffin, J.
Motion by the defendants to dismiss pursuant to CPL 170.35 is granted.
The motion brings on for review a town ordinance of the Town of Oyster Bay specifically appendix "A” 104.1 which the movant claims is unconstitutional on the ground that said ordinance exceeded its delegated powers under provisions of Town Law § 261 et seq. Further, that the law violated US Constitution 14th Amendment and NY Constitution, article I, §6.
The ordinance of the Town of Oyster Bay when read in conjunction with General Business Law § 396-x imposes upon the operator of a gas station the duty to construct and install (in this case an air compressor) for which there should be no charge for same.
The town law was passed prior to the General Business Law *195 requiring the installation of the air compressor. The town and State had authority to do this with respect to the single provisions. However, the town law is unconstitutional on the ground it prohibits a charge for the use of the air compressor stating that same seeks to protect the welfare and safety of the general public, in that proper inflation of tires supports usefulness and feasibility in that it will promote the safety of the general public without making any further comment or supporting statistics.
The delegated power of the town is not contested herein. However, the Town of Oyster Bay exceeded its authority when it sought to impose a restriction on the use of the air compressor in that it prohibited a charge thereof. In Matter of Schlosser v Michaelis (18 AD2d 940-941) the court said "the Board of Appeals has no power to impose conditions which apply to the details of operation of the business and not to the zoning use of the premises (Matter of De Ville Homes v. Michaelis, 201 N.Y.S.2d 129).”
In Malone v Custom Manor (4 Misc 2d 976) the court said the Legislature is without constitutional power to regulate services rendered or use of property unless the business or property involved is affected with public interest and to subject private property to constitutional regulations and control, it must be affected with such an interest and legislative exercise of police power in such regard must be in the public interest.
In Russell v Town of Pittsford (94 AD2d 410) the court said in determining whether an ordinance is a valid exercise of the regulating powers granted by the State, substantive principles of due process require that the ordinance have a reasonable relationship to a proper governmental purpose so as not to constitute arbitrary exercise of governmental power. In this case, the Town of Oyster Bay may exercise its powers requiring the installation of air compressors, however, it exceeded said power when it interfered with the use of business by proscribing a fee for air.
The motion to dismiss the informations is granted on the ground the said ordinance is unconstitutional and in violation of US Constitution 14th Amendment and NY Constitution, article I, § 6.