THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EDWARD OSGOOD, Appellant.

Court of Special Sessions, City of New York, Appellate Part, Second Judicial Department, February 1, 1933.

*Phillips, Mahoney, Leibell & Fielding* [*George A. Spohr, Jr.,* of counsel], for the appellant.

*Charles S. Colden, District Attorney* [*Mordecai Konowitz* of counsel], for the respondent.

PER CURIAM. The appellant was convicted of violating chapter 24, article 2, section 13 of the Ordinances of the City of New York, which provides in part as follows:

" § 13. Peddlers. * * * 2. Restricted streets. No peddler, vender, hawker or huckster shall stop or remain between 8 o'clock A. M. and 6 o'clock P. M. in the Borough of * * * Queens, on; * * * All streets, avenues and public places lying within the territory known as the fifth ward of the said borough."

The appellant, a World War veteran, duly licensed to peddle pursuant to section 32 of the General Business Law, did peddle

ice cream in the fifth ward, borough of Queens, during the restricted hours.

Section 32 of the General Business Law provides as follows:

" § 32. Licenses to soldiers, sailors and marines. Every honorably discharged soldier, sailor or marine of the military or naval service of the United States, who is a resident of this state and a veteran of either the civil war, the Spanish-American war or the world war, or who shall have served beyond sea, and the widow of any such veteran, if she is a resident of the state, shall have the right to hawk, peddle, vend and sell his own goods, wares or merchandise or solicit trade upon the streets and highways within this state, by procuring a license for that purpose to be issued as herein provided."

The appellant contends that under this section, having procured a veteran's license, he is thereby given the absolute right to peddle, hawk or sell anywhere within the State and is, therefore, exempt from the operation of the provisions of section 13 of article 2 of chapter 24 of the Ordinances of the City of New York which regulates peddling, vending and hawking in the city of New York. In support of such contention the appellant cites the case of *People* v. *Gilbert* (68 Misc. 48). This decision, rendered in 1910, involved a construction of section 35 of the General Business Law as it then existed, which provided as follows:

" § 35. Municipal regulations. This article shall not affect the application of any ordinance, by-law or regulation of a municipal corporation relating to hawkers and peddlers within the limits of such corporation, *except as otherwise provided in section thirty-two hereof,* but the provisions of this article are to be complied with in addition to the requirements of any such ordinance, by-law or regulation."

This section has since been amended and now provides:

" § 35. Municipal regulations. This article shall not affect the application of any ordinance, by-law, or regulation of any municipal corporation relating to hawkers and peddlers within the limits of such corporations, but the provisions of this article are to be complied with in addition to the requirements of any such ordinance, by-law or regulation; provided, however, that no such by-law, ordinance or regulation shall prevent or in any manner interfere with the hawking or peddling, without the use of any but a hand driven vehicle, in any street, avenue, alley, lane or park of a municipal corporation, by an honorably discharged soldier, sailor or marine who is a cripple as a result of injuries received while in the military or naval service of the United States and the holder of a license granted pursuant to section thirty-two."

The question to be determined on this appeal is whether or not a

veteran who has procured a license under the provisions of the General Business Law, above referred to, and who is thereby given the absolute right to hawk, peddle or sell anywhere within the State, is exempt from compliance with the provisions of section 13 of article 24 of the City Ordinance. There is nothing in the General Business Law, however, that gives any right to a veteran licensed under it other than to sell anywhere in the State without paying any license fee therefor, and to that extent it discriminates in his favor, but no further. It contains no provision relieving him from a compliance with any lawful regulations, police or otherwise; but to the contrary, section 35 of the General Business Law specifically provides that he shall so comply, provided he is not a cripple.

This ordinance does not abrogate the State law, for the veteran can peddle in New York city, but under reasonable regulations common to all peddlers whether locally licensed or licensed by the State.

Upon a careful examination of the various statutes and authorities cited, it is our opinion that the provisions of the ordinance in question tend to regulate the conduct of all licensed peddlers and the appellant who is a licensed peddler pursuant to section 32 of the General Business Law is bound by such regulations which in our opinion are reasonable.

Judgment affirmed.

All concur; present, KERNOCHAN, P. J., FETHERSTON and SOLOMON, JJ.