OPINION OF THE COURT
Myriam J. Altman, J.
The petitioners in this CPLR article 78 proceeding are vendors who sell their wares on the streets of New York. Some of these vendors possess general vendor licenses issued by respondent Ratner, the Commissioner of the Department of Consumer Affairs, pursuant to Local Laws of 1977 of City of New York, No. 77 (Administrative Code of the City of New York, § B32-490.0 et seq.). Others possess veteran vendor licenses issued by the county clerk, pursuant to section 32 of the General Business Law. The vendors who possess general vendor licenses seek judgment annulling the determination of respondent Ratner, revoking their licenses. The vendors who hold veteran vendor licenses fall into two classes, those who never applied for general vendor licenses and those whose applications for such licenses were denied. Both classes seek a judgment reinstating their licenses on the ground that they need not apply for general vendor licenses. Those whose applications were denied further argue that the denial was improper. All the petitioners vendors seek injunctive relief enjoining respondent McGuire from confiscating petitioners’ wares as unlicensed vendor property.
Section 32 of the General Business Law directs that the county clerk shall issue without cost a special license to "[ejvery honorably discharged member of the armed forces of the United States * * * to hawk, peddle, vend and sell goods, wares or merchandising or solicit trade upon the streets and *843 highways within the county of his or her residence”. However, the statute makes clear that the holder of such a license does not have carte blanche to sell whatever wares he wants, wherever he wants, in whatever fashion he wants. Such a licensee is also required to comply with any applicable local laws governing the conduct of vendors. Section 35 of the General Business Law provides: "This article shall not affect the application of any ordinance, by-law or regulation of a municipal corporation relating to hawkers and peddlers within the limits of such corporations, but the provisions of this article are to be complied with in addition to the requirements of any such ordinance, by-law or regulation”.
This latter section has been construed to exonerate the holder of a veteran vendor license from payment of any fee for issuance of a peddler’s license by the municipality, but, in all other respects, requires the licensee to observe other reasonable regulations of the municipality regarding peddling (1971 Opns Atty Gen 10). This construction of the statute has also been followed by respondent Ratner.
As a general principle, the construction given to a statute by the agency charged with administering it is entitled to great weight and should be upheld, if not irrational or unreasonable (see Du Pont de Nemours Co. v Collins, 432 US 46, 54-55; Matter of Howard v Wyman, 28 NY2d 434, 438; Matter of Sigety v Ingraham, 29 NY2d 110, 114). The court finds the construction of sections 32 and 35 of the General Business Law given by respondents to be rational and reasonable. Therefore, respondents did not act in an arbitrary or capricious manner in treating those petitioners who sell wares with only a veteran vendor license and no general vendor license as "unlicensed”.
Petitioners also complain of the alleged refusal of respondent Ratner to issue general vendor licenses to certain holders of veteran vendor licenses. However, there has been an insufficient factual showing as to the making of an application or demand for the issuance of such a license, and of the refusal to issue same. Absent such a showing — giving all the particulars — the court is in no position to review by way of certiorari or mandamus the reasonableness of respondent Ratner’s alleged action. Accordingly, that branch of the petition is dismissed with leave to renew on a proper factual showing.
Petitioners also complain of the alleged suspension or *844 revocation of the general vendor licenses held by some of their members without a hearing. It is fundamental that petitioners have a property right in their licenses which may not be impaired except after a hearing upon appropriate notice (Hecht v Monaghan, 307 NY 461). It appears that respondent Ratner, has, in fact, afforded such notice of opportunity to be heard to licensed vendors prior to suspending or revoking their license. In the case of those licensees who failed to respond or plead to citations issued to them, they cannot be heard to complain that their licenses were suspended or revoked without a hearing, since by their conduct they waived their right thereto. Nevertheless, respondent Department of Consumer Affairs has agreed to voluntarily vacate without prejudice all notices of suspension or revocation served upon those petitioners possessing general vendor licenses.
In view of the fact that respondent Department of Consumer Affairs has agreed to voluntarily vacate without prejudice all notices of suspension or revocation served upon those petitioners possessing general vendor licenses, it is suggested that the department afford this same courtesy to the vendors who heretofore possessed veteran vendor licenses. This would give those vendors a like opportunity to apply to the Department of Consumer Affairs for licenses and to purge themselves of any default in the payment of summonses. It is particularly compelling that the veterans be afforded this assistance because the law regarding their rights had not been firmly established.
Accordingly, the application of petitioners is denied and the petition is dismissed, except as otherwise indicated.