OPINION OF THE COURT
Stanley B. Katz, J.
This is a motion to annul a determination by respondent John J. Durante, County Clerk of Queens County, which denied petitioner’s application for a license to peddle pursuant to section 32 of the General Business Law. Petitioner is the widow of a former member of the New York National Guard who served from March 1932 to May 1939.
Subdivision (1) of section 32 of the General Business Law provides, inter alia, that "Every honorably discharged member of the armed forces of the United States, who is a resident of this state and a veteran of any war, or who shall have served in the armed forces of the United States overseas, and the surviving spouse of any such veteran * * * shall have the right to hawk, peddle, vend and sell goods * * * by procuring a license for that purpose to be issued as herein provided.”
*278 Subdivision (2) of section 32 of the General Business Law provides, inter alia, that "Any such former member of the armed forces of the United States may present to the clerk of any county in which he has resided for a period of at least six months, his original certificate of honorable discharge * * * Such county clerk when so satisfied shall issue, without cost, to such former member of the armed forces of the United States, a license certifying him to be entitled to the benefits of this section.”
Although the petitioner, a 73-year-old widow, makes out a compelling argument, the papers herein do not support a finding that a member of the New York National Guard is a veteran of the Armed Forces of the United States. There has been no proof submitted that the petitioner’s husband was ever "Federalized” while serving as a member of the New York National Guard. In any event, petitioner has not established in her papers that her husband was a veteran of any war or served overseas.
The court notes that even if petitioner is eligible for a veteran’s license she must also comply with any applicable local laws governing the conduct of vendors. Section 35 of the General Business Law provides: "This article shall not affect the application of any ordinance, by-laws or regulation of a municipal corporation relating to hawkers and peddlers within the limits of such corporations, but the provisions of this article are to be complied with in addition to the requirements of any such ordinance, by-law or regulations”.
This latter section has been construed to exonerate the holder of a veteran’s vendor license from payment of any fee for issuance of a general peddler’s license by the municipality, but, in all other respects, requires the licensee to observe other reasonable regulations of the municipality regarding peddling (1971 Opns Atty Gen 10).
Petitioner, therefore, would still be required to obtain a general vendor license from the Department of Consumer Affairs, pursuant to Local Laws, 1977, No. 77 of the City of New York (former Administrative Code of City of New York § B32-490.0 et seq.; see, Matter of Scott v Ratner, 101 Misc 2d 841).
Accordingly, the motion is denied.