■ Joseph Kaswan, Respondent, v Angelo J. Aponte, as Commissioner of the New York City Department of Consumer Affairs, et al., Appellants.—Order and judgment (one paper), Supreme Court, New York County (Edward H. Lehner, J.), entered January 20, 1989, denying respondent's motion pursuant to, *inter alia,* CPLR 3211 (a) (7), to dismiss petitioner's *pro se* application to enjoin respondent from interfering with his right, as a disabled veteran under General Business Law § 35, to peddle goods on city streets and enjoining respondent from interfering with petitioner's rights, under General Business Law § 35, by declaring city regulations limiting where a vendor may sell inapplicable to petitioner, unanimously affirmed, without costs.

Procedurally, it was not improper for the court, on its own, in this declaratory judgment action, to convert respondent's motion to dismiss to one for summary judgment, pursuant to CPLR 3211 (c), since the case presented no issues of fact but only issues of law in involving an issue of statutory construction, fully appreciated and argued by both sides. *(Four Seasons Hotels v Vinnik,* 127 AD2d 310, 320; *Mihlovan v Grozavu,* 72 NY2d 506, 508.)

On the merits, we reject respondent's argument that Department of Consumer Affairs regulation 11, prohibiting the peddling of goods in certain areas to avoid congestion in those areas, constitutes a special condition which would warrant that the local regulation be given full force and effect in spite of its conflict with State law. *(See, Robin v Incorporated Vil. of Hempstead,* 30 NY2d 347, 351.) General Business Law § 35 provides that "no such * * * ordinance or regulation shall prevent or in any manner interfere with the hawking or

peddling * * * in any street * * * of a municipal corporation, by any honorably discharged member of the armed forces of the United States who is physically disabled". This State law expressly provides that it shall supersede any local regulation to afford a benefit to a special class and should be construed as such. In any event, the purpose of the regulation, to guard against congestion, will not be defeated in light of the comparatively small number of licensed vendors involved. Concur— Sullivan, J. P., Rosenberger, Asch, Ellerin and Smith, JJ.