OPINION OF THE COURT
Harold B. Beeler, J.
The question, of apparent first impression, raised in this *615 unlicensed vendor prosecution is whether a "physically disabled” veteran who is duly licensed under New York State law to hawk and peddle merchandise within the State can be prosecuted for failing to obtain a "local” vendor’s license when such is required by the laws of the particular municipality in which the vendor conducts his or her trade.
Defendant herein, an honorably discharged veteran of the United States Army, is charged by information with violating section 20-453 of the Administrative Code of the City of New York (hereinafter, Administrative Code) which provides, in pertinent part, that "[i]t shall be unlawful for any individual to act as a general vendor without having first obtained a license” from the New York City Department of Consumer Affairs. Specifically, it is alleged that defendant, at the time of his arrest, was observed "displaying] and offering] for sale” certain merchandise at the corner of 50th Street and 5th Avenue, and that he neither possessed, displayed, nor was able to produce a local vendor’s license from the Department of Consumer Affairs.
Defendant moves to dismiss the accusatory instrument, ostensibly on facial insufficiency grounds, claiming that he is exempt from the licensing requirements of Administrative Code § 20-453 by virtue of his alleged status as a "physically disabled” veteran and holder of a New York State veteran’s license to hawk, peddle and vend merchandise issued pursuant to article 4 of the General Business Law.
Under the statutory scheme established by article 4 of the General Business Law, "[e]very honorably discharged member of the armed forces * * * who is a resident of this state and a veteran of any war,” or who has served in the Armed Forces overseas, is entitled to obtain from the County Clerk, without cost, a so-called "veteran’s” license which permits the holder thereof to "hawk, peddle, vend and sell goods * * * upon the streets and highways within the county of his or her residence” (General Business Law § 32 [1], [2]). It is not disputed that defendant in this case possessed a valid veteran peddler’s license at the time of his arrest.
Ordinarily, the issuance of a veteran’s license pursuant to section 32 of the General Business Law does not, under the express terms of subdivision (8) of that section, excuse the veteran licensee from also obtaining a "local” peddler’s license when such is required by the laws of the city, village or town in which the veteran conducts his business (see, General *616 Business Law § 32 [8]). Defendant, however, claims that his alleged status as a "physically disabled” veteran entitles him to a special exemption from the dictates of subdivision (8) and, as such, from the licensing requirement of Administrative Code § 20-453.
In support of his contention, defendant relies on General Business Law § 35 which, while expressly requiring that veteran licensees comply with "any ordinance[s], by-law[s] [and] regulation^] of a municipal corporation relating to hawkers and peddlers”, also directs that "no such by-law, ordinance or regulation shall prevent or in any manner interfere with the hawking or peddling, without the use of any but a hand driven vehicle, in any street, avenue, alley, lane or park of a municipal corporation, by any [licensee under section 32] who is physically disabled as a result of injuries received while in the service of [the] armed forces”.
In substance, defendant argues that this State statutory prohibition against a municipality "preventing or in any manner interfering with” the peddling of a physically disabled veteran licensee is violated where, as here, a municipality requires such a licensee to obtain, under penalty of criminal prosecution, a local vending license in addition to his State-issued veteran’s license.
Assuming, however, without deciding, that the defendant at bar is in fact a "physically disabled” veteran under General Business Law § 35, this court nonetheless rejects defendant’s claim that the benefits afforded this class of veterans under the statute include the right to disregard local vendor licensing requirements. Specifically, this court holds, based on an analysis of the history and statutory language of sections 32 and 35 and the judicial construction thereof, that veteran licensees who are "physically disabled” within the meaning of section 35, while clearly entitled under the terms set forth in that section to peddle their goods free of local time, place and street restrictions applicable to vendors in general, must still obtain a local vendor’s license when such is required by the laws of the municipality in question.
The statutory right of war veterans to obtain a license to peddle merchandise within the State has its origin in Laws of 1896 (ch 371) (now General Business Law § 32). Although, as originally enacted, this statute contained no provision concerning the application of local vendor licensing requirements to veteran licensees, it was construed as not excusing veterans *617 from complying with such requirements, or with "any [other] lawful regulations, police or otherwise,” of the particular municipality wherein the veteran sought to do business (City of Gloversville v Enos, 35 Misc 724, 729; see also, City of Buffalo v Linsman, 113 App Div 584, 585; People v Gilbert, 68 Misc 48, 50).
In 1909, the Legislature enacted section 35 of the General Business Law which provided that "[t]his article shall not affect the application of any ordinance, by-law or regulation of a municipal corporation relating to hawkers and peddlers within the limits of such corporation, except as otherwise provided in section thirty-two hereof, but the provisions of this article are to be complied with in addition to the requirements of any such ordinance, by-law or regulation.” (General Business Law § 35, as enacted by L 1909, ch 25; emphasis added.) This section provided some relief from local vending regulations to veterans licensed under the General Business Law, but such relief was not comprehensive in that the section was interpreted as excusing veterans from obtaining local licenses but not from complying with all other "valid and reasonable [municipal] ordinances relating to the use and obstruction of streets, etc.” (1917 Opns Atty Gen 207, 210; see also, People v Gilbert, supra, at 51).
In 1921, the Legislature amended section 35 to delete the phrase "except as otherwise provided in section thirty-two hereof,” and, apparently in order to address the special needs of the growing number of returning veterans injured in World War I, simultaneously added the following language: "[N]o * * * by-law, ordinance or regulation [of a municipal corporation relating to hawkers and peddlers] shall prevent or in any manner interfere with the hawking or peddling, without the use of any but a hand driven vehicle, in any street, avenue, alley, lane or park of [such] municipal corporation, by an honorably discharged soldier * * * who is a cripple and the holder of a license granted pursuant to section thirty-two.” (L 1921, ch 494; see also, L 1978, ch 550, § 27, which substituted "physically disabled” for "a cripple”.)
The question presented in this case is whether the Legislature, in enacting this 1921 addition to section 35, intended to give "physically disabled” veterans the unfettered right to operate free of any and all local vending regulations, including those that require the obtaining of a local vending license. For the reasons that follow, this court finds that the Legislature did not so intend.
*618 Initially, the court is guided by the fact that, in removing the "except” provision from section 35, the Legislature apparently again required all veteran licensees to obtain local licenses when such was mandated by local statute (see, People v Osgood, 146 Misc 412, 414).
There is nothing, moreover, in the language added by the 1921 amendment to suggest otherwise.
Specifically, the court notes that the language used to define the parameters of the newly created exception for "physically disabled” veterans — the reference, for example, to the use of "any but a hand driven vehicle” — strongly suggests, and this court so finds, that the exception is limited in scope to those municipal regulations that restrict the times, places and circumstances under which vendors are allowed to operate. Indeed, the language appears to be expressly aimed at overcoming the long-standing policy of requiring all veteran licensees, whether disabled or not, to comply with local ordinances governing the use and obstruction of streets and other thoroughfares (see, e.g., City of Buffalo v Linsman, supra, at 585-586; 1917 Opns Atty Gen 207, 210; People v Gilbert, supra, at 51; City of Gloversville v Enos, supra, at 729).
Further, in 1954, the Legislature amended section 32 of the General Business Law by adding a new subdivision (subd [8]) which provided, in pertinent part, as follows: "Any provisions of this section to the contrary notwithstanding, any city or village may, by local law or ordinance, require a person holding a license issued pursuant to the provisions of this section * * * to file a further application with such * * * city or village * * * for the issuance of a local license and may prescribe the terms and conditions under which such local license may be issued and may prohibit the right to * * * peddle, vend and sell goods * * * upon the streets and highways within any such city or village * * * unless such local license has been issued.”
This 1954 addition to section 32 has been construed as being a codification of existing law concerning the local licensing of veterans (see, 1971 Opns Atty Gen 10), and is, in fact, the only provision of section 32 that expressly deals therewith. Had there existed, at the time of this 1954 amendment, a statutory exception from local licensing requirements for "physically disabled” veterans, the Legislature would likely have referred to such exception somewhere in the body of the amendment. The absence of any language to that effect further supports *619 this court’s position that no such exception can properly be derived from the provisions of section 35.
The court notes that its holding in this case — that "physically disabled” veterans under General Business Law §§ 32 and 35 must, like other veteran licensees, comply with applicable local licensing requirements — is in no way inconsistent with the recent ruling of the Appellate Division in Kaswan v Aponte (160 AD2d 324). In upholding a lower court determination that "physically disabled” licensees under section 35 are not bound to comply with local vending regulations limiting the areas where street peddling is authorized, the court, in Kaswan (supra), neither decided nor considered the question of whether a "physically disabled” veteran must obtain a local license in addition to his State "veteran’s” license.
Finally, while it might appear that requiring a disabled veteran to obtain an additional, local license is unduly burdensome, such is clearly not the case in that, under the existing rules and policy of the New York City Department of Consumer Affairs, all honorably discharged veterans are excused from payment of the local licensing fee (see, Tow v Durante, 139 Misc 2d 277, 278; 1971 Opns Atty Gen 10) and are not subject to the substantial "waiting list” for other, nonveteran applicants.
In this court’s view, the decision herein reflects a proper balance between the need of a municipality to monitor and oversee the operation of vendors on its streets, and the desire of the Legislature "to afford a benefit to a special class” (Kaswan v Aponte, supra, at 325) by enabling veterans who are "physically disabled” to peddle free of the time and place restrictions applicable to all other vendors.
Accordingly, for all the aforesaid reasons, defendant’s motion to dismiss the accusatory instrument is, in all respects, denied.