OPINION OF THE COURT
Richard M. Weinberg, J.
*460 Defendant is charged with acting as an unlicensed general vendor in violation of Administrative Code of the City of New York § 20-453. He moves for an order dismissing the information on the ground that there exists a jurisdictional or legal impediment to a conviction. (See CPL 170.30 [1] [f].)
Defendant is a disabled veteran whose general vendor’s license expired on September 30, 2006. In order to renew his license, defendant is required to pay off his outstanding local regulatory violations and get a clearance from the Environmental Control Board. Defendant argues that, as a disabled veteran, he is entitled to act as a general vendor pursuant to General Business Law § 32 and is “exempt from any additional local requirements” pursuant to General Business Law § 35. Defendant maintains that the Department of Consumer Affairs requirement that he get a clearance from the Environmental Control Board before the Department of Consumer Affairs will issue him a general vendor’s license is “wholly inconsistent with General Business Law § 35.” The case should be dismissed, defendant argues, because “the application requirements of the Department of Consumer Affairs are preempted by the General Business Law of New York State.” Defendant cites the case of Kaswan v Aponte (160 AD2d 324 [1st Dept 1990]) to support his position that “local regulations” regarding vendors are “inapplicable to a disabled veteran.”
Defendant’s reliance on Kaswan v Aponte (supra) is misplaced. This 1990 case held that General Business Law § 35 precluded municipalities from imposing time, place and manner restrictions on disabled veterans who held vendors’ licenses under General Business Law § 32. However, in 1998, General Business Law § 35-a was enacted. This law requires the City of New York to additionally provide “specialized vending licenses” to disabled veterans who were licensed under General Business Law § 32. General Business Law § 35-a grants certain privileges to disabled veteran vendors in New York City but also imposes time, place and manner restrictions on those vendors and makes certain local regulations applicable to them.
Additionally, General Business Law § 32 (8) specifically authorizes local municipalities to require that General Business Law § 32 vendors also obtain a local vendor’s license and further authorizes the local municipalities to “prescribe *461 the terms and conditions under which such local license may be issued.” General Business Law § 35-a does not exempt disabled veterans from this local license requirement nor does Kaswan v Aponte (supra). (See People v Miller, 150 Misc 2d 614 [1991].)
Accordingly, defendant is not exempt from the licensing requirements of the Department of Consumer Affairs and his motion to dismiss is denied.